PETE DAVIS v. STATE.

No. 26,053. November 19, 1952.
Appellant's Motion for Rehearing and to
Reinstate Appeal Granted January 14, 1953.

*Fred C. Chandler,* Colorado City, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the sale of whiskey in a dry area; the punishment, thirty days in jail and a fine of $500.00.

The state moves to dismiss the appeal because no notice of appeal is shown to have been entered of record in the trial court. Such is requisite in order for this court to acquire jurisdiction. Ex parte Logan, 151 Tex. Cr. R. 129, 205 S. W. 2d 994.

The motion is granted, and the appeal is dismissed.

### ON APPELLANT'S MOTION FOR REHEARING AND TO REINSTATE APPEAL.

WOODLEY, Judge.

Appellant was charged by complaint and information with the sale of whisky in Scurry County, a dry area. Upon trial before a jury a verdict was returned finding appellant guilty as charged, and assessing a punishment of 30 days in jail and a fine of $500.00.

On March 5, 1951, judgment was rendered by the court in accordance with the verdict. Appellant gave notice of appeal to this court and entered into recognizance on appeal.

The cause was before this court under our Number 25,570, and on December 12, 1951, this appeal was dismissed because the record did not contain a judgment.

On January 4, 1952, judgment was entered nunc pro tunc by the trial court, and appellant entered into another recognizance. This appeal is before us under the above number and on original submission was dismissed for want of a proper notice of appeal.

Under the peculiar facts of this case we have decided that we should consider the record from the trial court as contained in both appeals.

The former record contains notice of appeal and a statement of facts. It was stipulated that Scurry County was a dry area. W. A. Phillips, inspector for the Texas Liquor Control Board, testified that he purchased a pint of whisky from appellant in the city of Snyder, for which he paid appellant $4.00. W. V. Ray, another inspector, testified that he witnessed the sale. Appellant offered no testimony.

The evidence sustains the conviction.

As a part of the narrative statement of facts appellant attempts to complain of certain conduct of the county attorney, and of the fact that appellant was not afforded time in which to obtain a lawyer.

There are no bills of exception approved by the trial judge in the record and the complaints cannot be considered. Furthermore, the facts recited would not call for a reversal if presented by bills of exception properly allowed.

The appeal is reinstated and the judgment is now affirmed.