Thomas Alexander Drake v. The State of Texas















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-010-CR

     THOMAS ALEXANDER DRAKE,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the County Court at Law No. 2
McLennan County, Texas
Trial Court # 981204CR2
                                                                                                                
                                                                                                            
O P I N I O N
                                                                                                                
   
      Thomas Alexander Drake was convicted after a jury trial of the misdemeanor offense of
driving while intoxicated. The trial court assessed punishment at 90 days in jail and a $2,000
fine. The jail sentence was suspended and Drake was placed on community supervision for
two years. Drake appeals, bringing four issues. We affirm.
Background
      Drake had been drinking on the night of the offense at his home with two acquaintances
whose names he did not know. Drake was the security guard at Mt. Carmel for the Branch
Davidian compound. When the two visitors left, Drake went to bed. He was subsequently
awakened by the two who said their car was stuck in a ditch. Drake attempted to pull the car
out with his van but was unsuccessful. Drake and the two other individuals left the scene and
returned with two vehicles, Drake driving his van and the others driving a pickup truck. They
met two Department of Public Safety troopers who were investigating the stuck, abandoned
car. Drake freely admitted on the stand that he was intoxicated when he drove to the scene of
the stuck car. Drake was arrested. His van was impounded. After determining the other two
people were not intoxicated, they were allowed to leave the scene with a wrecker driver.
      During preliminary matters before trial, Drake chose to represent himself. Sometime
before the start of his trial, an attorney was appointed to represent him. The attorney filed and
argued pre-trial discovery motions and represented Drake during the trial. After his
conviction, Drake filed a motion to remove his appointed attorney and again chose to represent
himself. Drake filed his own motion for new trial and notice of appeal. Drake has pursued his
appeal pro se.
Discovery
      In his first issue, Drake contends that he was denied the right to compulsory process under
the Texas Constitution and denied the right to exculpatory evidence. He argues that he was
denied these rights when the troopers failed to record the names of the two people at the scene
of his arrest and the name of the owner of the abandoned car.
      Article I, Section 10 of the Texas Constitution gives an accused in a criminal prosecution
the right of compulsory process for obtaining witnesses in his favor; but the right is not
absolute. Weaver v. State, 657 S.W.2d 148, 150 (Tex. Crim. App. 1983). The compulsory
process clause does not guarantee the right to secure the attendance and testimony of any and
all witnesses. Butler v. State, 981 S.W.2d 849, 855 (Tex. App.—Houston [1st Dist.] 1998,
pet. ref’d). 
      Drake argues that the troopers should have determined the names of the persons at the
scene of the arrest and the name of the abandoned car’s owner. He points us to no authority,
and we have found none, that requires the State to conduct his investigation for him, especially
where he was acquainted with the two people at the scene. We decline to impose this
requirement on the State.
      Due process also requires that the State disclose material exculpatory evidence to criminal
defendants. Brady v. Maryland, 373 U.S. 83, 87, 83 S.Ct. 1194, 1196-1197, 10 L.Ed.2d 215
(1963). But, where a general request is made, error only exists if there is a showing on appeal
that undisclosed evidence exists which creates a reasonable doubt that did not otherwise exist. 
Butler v. State, 736 S.W.2d 668, 670 (Tex. Crim. App. 1987). 
      Drake asserts that the State had access through the Department of Public Safety to
evidence requested in his Brady motion and failed to provide it to him. He limits this
argument to the name of the owner of the abandoned car. It is undisputed that Drake made a
timely pre-trial request for disclosure of all exculpatory evidence. However, he never
specifically requested the disclosure of the abandoned car owner’s name. Even if we assumed
that the State, through the troopers, had access to various impound lot log books as Drake
claims, he has made no showing that the undisclosed car owner’s name in any way created a
reasonable doubt that did not otherwise exist as to whether Drake was driving while
intoxicated.
      Drake’s first issue is overruled.
Public Place vs. Private Property
      In his second issue, Drake argues that the point where he was stopped by the troopers was
private church property. After considering his issue, summary and argument, we are unable to
determine what he wants us to review. Drake filed a motion to dismiss in the trial court based
on a similar argument which was denied. He also brought up this issue briefly in his testimony
in front of the jury. Drake could be arguing for a review of the trial court’s decision to deny
the motion to dismiss or he could be arguing for a review of the sufficiency of the State’s
evidence. He cites no case law or other authority to help guide us as to what to review. We
cannot make Drake’s arguments for him. His second issue is inadequately briefed and thus,
overruled. See Tex. R. App. P. 38.1(h); Wyatt v. State, No. 73,101, slip op. at n.5 (Tex.
Crim. App. May 3, 2000).
Motion for New Trial
      In his third and fourth issues, Drake complains about the events leading up to and after the
trial court’s decision not to have a hearing on his motion for new trial. Specifically, he first
contends that he should have been granted a continuance when the State handed him its
response. Second, when the trial court decided to sustain the State’s objection to his motion
due to procedural defects in the motion, Drake contends that he should have been allowed a
continuance to cure the defects. Third, Drake argues that the trial court should have allowed
him to swear to the evidence in support of his motion on the record at the hearing on the
motion for new trial.
      Drake filed his pro-se motion for new trial the day before his sentencing hearing. At that
hearing, the trial court set a date the next month to hear arguments on the motion. On the day
of the hearing, the State filed its response to the motion with the court and handed Drake a
copy. The response itself is only 6 pages in length; however, attached to the response is 128
pages of the reporter’s record from Drake’s trial pertaining to the merits of his motion and an
affidavit from one of the prosecutors. Drake requested and was granted a recess so he could
review the State’s response. The record does not reflect how long Drake took to review the
response. After the recess and after some discussion about whether Drake’s motion was
sufficient, Drake asked for a continuance because he thought it impossible to “go through this
whole thing.” The trial court denied his oral request.
      Drake argues on appeal that the trial court should have granted his request for a
continuance pursuant to Rule 10 of the Texas Rules of Appellate Procedure. The rule provides
specifically as follows:
(a) Time for Determination. A court should not hear or determine a motion until 10
days after the motion was filed....

Tex. R. App. P. 10.3(a). Drake never presented this argument to the trial court. Thus, he
has not preserved this argument for our review on appeal. Id. 33.1(a). 
      He also argues that the trial court should have allowed him to cure any defects in his
motion for new trial under Rule 1.2 of the Texas Rules of Appellate Procedure which provides
for a reasonable opportunity to cure noncompliance with a local rule before an appeal is
dismissed. Id. 1.2(c). Again, Drake never presented this argument to the trial court, and it is
not preserved for our review. Id. 33.1(a).
      Lastly, Drake argues under these issues that the trial court should have allowed him to
swear to the evidence in his motion at the hearing on the record pursuant to Rule 21.7 of the
Texas Rules of Appellate Procedure. The rule permits the trial court to receive evidence at a
hearing on a motion for new trial by affidavit or “otherwise.” Id. 21.7. Once again, Drake
never presented this request to the trial court. His argument on appeal is not preserved. Id.
33.1(a).
      Having failed to present anything under these issues for review, Drake’s third and fourth
issues are overruled.
Conclusion
      Having overruled all of Drake’s issues on appeal, we affirm the judgment of the trial
court.
 
                                                             TOM GRAY
                                                             Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed August 9, 2000
Do not publish