11th
Court of Appeals

 Eastland, Texas

            Opinion

 

Arthur Lee
Jackson

Appellant

Vs.      
 Nos. 11-01-00369-CR
& 11-01-00370-CR  --  Appeals from Dallas County

State of Texas

Appellee

 

In each
cause, the jury convicted Arthur Lee Jackson of aggravated kidnapping,[1]
found that he did not voluntarily release the victims in a safe place, and
assessed his punishment at confinement for 20 years.  We affirm.  

In each
appeal, appellant presents two issues for review.  In his issues, appellant challenges the legal and factual
sufficiency of the evidence in support of his convictions.  In Cause No. 11-01-00369-CR, appellant was
convicted of the aggravated kidnapping of B.C. by abducting B.C. with the
intent to inflict bodily injury or sexually abuse B.C.  In Cause No. 11-01-00370-CR, appellant was
convicted of the aggravated kidnapping of E.G. either by abducting E.G. with
the intent to inflict bodily injury or sexually abuse E.G. or by abducting E.G.
and using or exhibiting a deadly weapon during the commission of the offense.  The jury was instructed that it could find
appellant guilty as a party to the offense or as the principal actor.  








In order
to determine if the evidence is legally sufficient, we must review all of the
evidence in the light most favorable to the verdict and determine whether any
rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307 (1979); Jackson v. State, 17 S.W.3d 664
(Tex.Cr.App.2000).  In order to
determine if the evidence is factually sufficient, we must review all of the
evidence in a neutral light and determine whether the evidence supporting guilt
is so weak as to render the conviction clearly wrong and manifestly unjust or
whether the evidence supporting guilt, although adequate when taken alone, is
so greatly outweighed by the overwhelming weight of contrary evidence as to
render the conviction clearly wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236
(Tex.Cr.App.2002); Goodman v. State, 66 S.W.3d 283 (Tex.Cr.App.2001); Johnson
v. State, 23 S.W.3d 1, 11 (Tex.Cr.App.2000); Cain v. State, 958 S.W.2d 404
(Tex.Cr.App.1997); Clewis v. State, 922 S.W.2d 126 (Tex.Cr.App.1996).  

The record
shows that appellant and four other men drove to Dallas, Texas, from
Shreveport, Louisiana, in search of marihuana. 
Appellant drove the pickup. 
After arriving in Dallas, appellant stopped in order to ask the victims
if they knew where to buy some marihuana. 
The victims, 14-year-old males B.C. and E.G., were at a bus stop waiting
for the bus to take them home.  After
initially answering negatively, E.G. told the men to try the projects in north
Dallas.  At that point, the passenger
from the front seat of the pickup, Derrick Johnson, got out of the pickup,
exhibited a firearm, and forced the victims to get into the pickup.  When the victims were unable to direct the
occupants of the pickup to a location to buy marihuana, appellant and Johnson
became angry.   During the incident,
appellant hit E.G. with his fist, and Johnson hit E.G. two times in the face
with the gun.  Appellant hit B.C. in the
head with his fist, and Johnson pointed the gun at B.C.  B.C. testified that, at some point during
the incident, appellant had the gun. 
Other testimony showed that the gun belonged to appellant.  

Appellant
also threatened to take the victims back to Shreveport and kill them
there.  Instead, however, appellant and
Johnson forced the victims to take all of their clothes off (except for E.G.=s muscle shirt).  The assailants threw some of the clothes out the window.  At the instigation of appellant and Johnson,
B.C. was forced to perform oral sex on one of the backseat passengers; E.G. was
forced to perform oral sex on Johnson and appellant.  Then, appellant suddenly stopped the pickup on the shoulder of
Central Expressway in Plano and told the victims to get out.  Appellant would not allow E.G. to put his
boxers back on.  The victims, who were
naked and cold, walked to a nearby trailer park where an old woman gave them
some clothes.  B.C. called 911 from the
pay phone at the trailer park.  








Shortly
thereafter, police officers stopped the pickup, which was still being driven by
appellant.  Inside the pickup, officers
found a Glock 27, .40 caliber handgun under the driver=s seat; a jacket and jersey belonging to
E.G.; and shot records belonging to B.C. 
An officer also located other items of the victims= clothing, including a pair of jeans and
boxers, along the freeway.  

We hold
that the evidence is both legally and factually sufficient to show that
appellant, acting as either a principal or a party to the offense, is guilty of
the aggravated kidnapping of both B.C. and E.G.  Because an abduction is a Acontinuous, ongoing event,@ appellant=s
intent to injure or sexually abuse the victims need not have been present at
the time of the initial abduction from the bus stop.  Curry v. State, 30 S.W.3d 394, 406 (Tex.Cr.App.2000); Weaver v.
State, 657 S.W.2d 148, 150 (Tex.Cr.App.1983). 
The record reflects that the victims were abducted and were restrained
from leaving during the course of events that included physical abuse and
sexual assault.  Therefore, the evidence
is sufficient to show that, during the course of the abduction, appellant
intended to injure or sexually abuse the victims.  See Curry v. State, supra; Weaver v. State, supra.  The evidence is also sufficient to show that
appellant and Johnson exhibited a deadly weapon during the commission of the
offense.  Appellant=s issues are overruled. 

The
judgments of the trial court are affirmed. 


 

PER
CURIAM 

 

February 20, 2003

Do not publish.  See
TEX.R.APP.P. 47.2(b).

Panel consists of:  Arnot, C.J., and 

Wright, J., and McCall, J.











     [1]TEX. PENAL CODE ANN. '
20.04 (Vernon Supp. 2003) defines the offense and provides that it is a first
degree felony.