**Patrick Onyango KOMBUDO, Appellant,**

v.

**The STATE of Texas.**

**No. PD–1832–04.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 14, 2005.

Wayne T. Hill, Houston, for Appellant.

Donald W. Rogers, Jr., Asst. D.A., Houston, Matthew Paul, State's Attorney, Austin, for State.

PER CURIAM.

The Fourteenth Court of Appeals reversed the judgment convicting the appellant of bail jumping on the grounds that the trial court violated his rights, under the federal and state constitutions, to represent himself. *See Kombudo v. State,* 148 S.W.3d 547 (2005).

The State argued in its brief to the Court of Appeals that, by his misleading the trial court, the appellant was estopped from asserting those grounds. The State's brief presented a "Reply," which had four parts: a summary of the appellant's con-

tention, a statement of the "relevant facts," a statement of the "standards of review," and an argument entitled, "No Reversible Error Is Shown." In that part, after reiterating the facts, the brief argued that the appellant was estopped from raising his complaints:

Under these unique circumstances, appellant should be estopped from asserting that he did not receive the proper *Faretta* admonishments from the trial court or that the trial court otherwise erred in determining the self-representation issue under either the State or federal constitution because he personally contributed to misleading [the assigned trial judge] into believing that the matter had already been properly determined by [the district judge at a previous hearing]. *See and compare* [citation omitted] (holding State estopped ... and discussing other estoppel cases). *See also* [citation omitted] (holding defendant estopped....) *Cf.* [citation omitted] (holding defendant estopped.... "Under the doctrine of invited error, a party will be estopped from asserting error when the party's own conduct induced the error. In our view, defendant is now estopped from complaining that the trial court took him at his word....")[1]

It presented no argument other than estoppel.

The opinion of the Court of Appeals did not respond to that argument.

The State filed a motion for rehearing which argued, "The case was incorrectly decided because the panel opinion misinterpreted and failed to address the State's sole contention timely raised in its brief on original submission that under the circumstances presented appellant should be estopped from complaining that he was denied his right to self-representation."[2] The motion was denied. The State moved for rehearing by the Court *en banc* on the same ground.[3] The motion was denied.

We granted review.

▇▇▇ Rule of Appellate Procedure 47.1 requires, "The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal." This rule requires a court of appeals to address an appellee's reply that the appellant's point was not preserved for review.[4] When an opinion fails to address even an alternative argument in an appellee's reply, this court may remand the case to the court of appeals.[5]

The Court of Appeals should have addressed the State's estoppel argument, which was necessary to the disposition of the appeal.

The judgment of the Court of Appeals is vacated, and the case is remanded to that court.

MEYERS, J., did not participate in the decision.

▇▇▇▇▇

1. Brief at 11–12.

2. Motion at 1–2.

3. Motion at 1–2.

4. *Weatherford v. State*, 828 S.W.2d 12 (Tex.Cr. App.1992) (*per curiam* ).

5. *Light v. State*, 15 S.W.3d 104, 108 (Tex.Cr. App.2000) (*per curiam* ).