IN THE COURT OF CRIMINAL APPEALS


OF TEXAS







PD-1832-04





 

PATRICK ONYANGO KOMBUDO, Appellant



v.



THE STATE OF TEXAS






ON DISCRETIONARY REVIEW OF THE


FOURTEENTH COURT OF APPEALS'


CASE 14-03-00738-CR FROM HARRIS COUNTY






 Per curiam.



 The Fourteenth Court of Appeals reversed the judgment convicting the appellant of bail
jumping on the grounds that the trial court violated his rights, under the federal and state
constitutions, to represent himself. See Kombudo v. State, 148 S.W.3d 547 (2005).

 The State argued in its brief to the Court of Appeals that, by his misleading the trial court,
the appellant was estopped from asserting those grounds. The State's brief presented a "Reply,"
which had four parts: a summary of the appellant's contention, a statement of the "relevant
facts," a statement of the "standards of review," and an argument entitled, "No Reversible Error
Is Shown." In that part, after reiterating the facts, the brief argued that the appellant was estopped
from raising his complaints:

 Under these unique circumstances, appellant should be estopped from asserting
that he did not receive the proper Faretta admonishments from the trial court or
that the trial court otherwise erred in determining the self-representation issue
under either the State or federal constitution because he personally contributed to
misleading [the assigned trial judge] into believing that the matter had already
been properly determined by [the district judge at a previous hearing]. See and
compare [citation omitted] (holding State estopped  and discussing other
estoppel cases). See also [citation omitted] (holding defendant estopped .) Cf.
[citation omitted] (holding defendant estopped . "Under the doctrine of invited
error, a party will be estopped from asserting error when the party's own conduct
induced the error. In our view, defendant is now estopped from complaining that
the trial court took him at his word .") (1)


It presented no argument other than estoppel.

 The opinion of the Court of Appeals did not respond to that argument.

 The State filed a motion for rehearing which argued, "The case was incorrectly decided
because the panel opinion misinterpreted and failed to address the State's sole contention timely
raised in its brief on original submission that under the circumstances presented appellant should
be estopped from complaining that he was denied his right to self-representation." (2) The motion
was denied. The State moved for rehearing by the Court en banc on the same ground. (3) The
motion was denied.

 We granted review.

 Rule of Appellate Procedure 47.1 requires, "The court of appeals must hand down a
written opinion that is as brief as practicable but that addresses every issue raised and necessary
to final disposition of the appeal." This rule requires a court of appeals to address an appellee's
reply that the appellant's point was not preserved for review. (4) When an opinion fails to address
even an alternative argument in an appellee's reply, this court may remand the case to the court
of appeals. (5)

 The Court of Appeals should have addressed the State's estoppel argument, which was
necessary to the disposition of the appeal.

 The judgment of the Court of Appeals is vacated, and the case is remanded to that court.


En banc.

Delivered September 14, 2005.

Publish.



 Meyers, J., did not participate in the decision.
1. Brief at 11-12.
2. Motion at 1-2.
3. Motion at 1-2.
4. Weatherford v. State, 828 S.W.2d 12 (Tex. Cr. App. 1992) (per curiam).
5. Light v. State, 15 S.W.3d 104, 108 (Tex. Cr. App. 2000) (per curiam).