**Opinion filed August 28, 2009**



In The

# Eleventh Court of Appeals

_____

## No. 11-08-00038-CR

_____

## FIDEL GOMEZ SALAZAR, Appellant

## V.

## STATE OF TEXAS, Appellee

**On Appeal from the 244th District Court**

**Ector County, Texas**

**Trial Court Cause No. C-34,401**

## M E M O R A N D U M   O P I N I O N

The jury convicted Fidel Gomez Salazar of possession of a controlled substance in the amount of four grams or more but less than two hundred grams and assessed his punishment at confinement for fifteen years. We affirm.

*Background Facts*

Appellant was indicted with intentionally and knowingly possessing a controlled substance, cocaine, in the amount of four grams or more but less than two hundred grams. The indictment also

alleged an enhancement for a previous felony conviction of burglary of a building. Appellant pleaded not guilty to the indictment but entered a plea of true to the enhancement paragraph.

The trial court appointed Tracy Scown as appellant's attorney. Prior to trial, appellant wrote a letter to the trial court complaining of his counsel's representation. Appellant stated that Scown had failed to protect and represent his rights and interest to the best of her ability. The trial court held a hearing to address appellant's concerns. Scown stated that she was not having difficulty representing and communicating with appellant and was not asking to withdraw. She also stated that she informed appellant that, if he wanted to represent himself, he needed to take that up with the court. Appellant did not request to represent himself at that time. The trial court did not appoint appellant new counsel but gave Scown and appellant a chance to discuss the complaints raised in appellant's letter.

Appellant was still dissatisfied with Scown's representation and requested a hearing to have Scown removed as his court-appointed attorney. Even though appellant's trial was set for the next week, the trial court allowed appellant to change counsel. In anticipation of her withdrawal, Scown had contacted Larry Barber to take over appellant's representation. Barber stated that he had reviewed the file, would waive the ten-day rule, and would be ready to go to trial the next week. On the day of the trial before beginning voir dire, appellant stated that he was dissatisfied with Barber's representation. The trial court stated that it believed that appellant was trying to delay trial, and it had addressed all of appellant's complaints when it appointed new counsel. The trial court proceeded with the voir dire of the jury. On the day that testimony was to begin, appellant again complained that his counsel had not investigated the evidence and had not questioned any witnesses pertaining to the case. The court stated:

> THE COURT: Thus far, I have not seen anything that has been done or not been done either by Mrs. Scown or Mr. Barber that I believe is not reasonable or that is prejudicial to your defense. So I have reviewed your letter, and your motion to relieve Mr. Barber as your attorney is denied, unless you would like to represent yourself.

> THE DEFENDANT: At this time, that might not be a bad idea. Would I have time to prepare for trial?

> . . . .

2

THE COURT: No.

. . . .

THE DEFENDANT: Okay. Then I am stuck with him.

Barber stated to the court that, several days prior to trial, he presented appellant with the forms to sign in order for appellant to represent himself, but appellant told him that he did not want to represent himself.

The jury trial continued, and Barber conducted appellant's defense. During the trial, the trial court gave appellant the opportunity to discuss trial strategy with his attorney outside the presence of the jury.

*Issue*

Appellant asserts in his sole issue that the trial court erred in refusing to allow him to represent himself at trial.

*Analysis*

The Sixth Amendment of the United States Constitution and TEX. CONST. art. I, § 10 provide an accused the right to make his defense, implicitly giving him the right to represent himself. *Faretta v. California*, 422 U.S. 806, 819 (1975); *Williams v. State*, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). However, this right is not absolute. A defendant must assert the right to self-representation "clearly and unequivocally." *Faretta*, 422 U.S. at 835; *Funderburg v. State*, 717 S.W.2d 637, 642 (Tex. Crim. App. 1986). Furthermore, the right must be asserted in a timely manner. *Blankenship v. State*, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984); *Ex parte Winton*, 837 S.W.2d 134, 135 (Tex. Crim. App. 1992). An assertion of the right to self-representation is timely if it is asserted before the jury is empaneled. *Blankenship*, 673 S.W.2d at 585. If a defendant first asserts his right to self-representation after trial has begun, the right may have been waived. The trial court's decision to allow the defendant to proceed pro se or to impose reasonable conditions on self-representation rests in the sound discretion of the trial court. *Kombudo v. State*, 148 S.W.3d 547 (Tex. App.—Houston [14th Dist.] 2004), *vacated and remanded on other grounds*, 171 S.W.3d 888 (Tex. Crim. App. 2005) (citing *United States v. Singleton*, 107 F.3d 1091, 1099 (4th Cir. 1997)). A defendant's request to conduct his own defense must not be a tactic to delay the proceedings. *Blankenship*, 673 S.W.2d at 585.

3

Appellant did not clearly and unequivocally state that he wanted to represent himself. When asked by the trial court if he wanted to represent himself, he stated, "[T]hat might not be a bad idea." However, when he was denied more time to prepare for trial, appellant stated that he was "stuck with" Barber. This is not a clear invocation of his right to represent himself. Further, appellant was asked if he wanted to represent himself by both Scown and Barber prior to trial. Yet, he refused and wanted them to continue their representation.

Even if appellant clearly and unequivocally invoked his right to represent himself, he did not do so in a timely manner because his request was made after the jury was empaneled. The trial court had the discretion to deny that request if it believed that it was only for the purpose of delay or that it would interfere with conducting a fair trial. The trial court provided numerous accommodations to appellant at pretrial and throughout the trial. *See Singleton*, 107 F.3d at 1099-1100. The trial court did not abuse its discretion by not allowing appellant to have more time to prepare for trial in order to represent himself. We overrule appellant's issue on appeal.

*Conclusion*

We affirm the trial court's judgment.


RICK STRANGE

JUSTICE


August 28, 2009

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Strange, J.

4