Opinion filed August 28, 2009











 
 
  
 
 







 
 
  
 
 




Opinion filed August 28,
2009

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00038-CR 

                                                     __________

 

                                FIDEL
GOMEZ SALAZAR, Appellant

 

                                                             V.

 

                                    
STATE OF TEXAS, Appellee



 

                                         On
Appeal from the 244th District Court

 

                                                           Ector
County, Texas

 

                                                 Trial
Court Cause No. C-34,401

 



 

                                              M
E M O R A N D U M   O P I N I O N

 

The
jury convicted Fidel Gomez Salazar of possession of a controlled substance in
the amount of four grams or more but less than two hundred grams and assessed
his punishment at confinement for fifteen years.  We affirm. 

Background
Facts








Appellant
was indicted with intentionally and knowingly possessing a controlled
substance, cocaine, in the amount of four grams or more but less than two
hundred grams.  The indictment also alleged an enhancement for a previous
felony conviction of burglary of a building.  Appellant pleaded not guilty to
the indictment but entered a plea of true to the enhancement paragraph.

The
trial court appointed Tracy Scown as appellant=s
attorney.  Prior to trial, appellant wrote a letter to the trial court
complaining of his counsel=s
representation.  Appellant stated that Scown had failed to protect and
represent his rights and interest to the best of her ability.  The trial court
held a hearing to address appellant=s
concerns.  Scown stated that she was not having difficulty representing and
communicating with appellant and was not asking to withdraw.  She also stated
that she informed appellant that, if he wanted to represent himself, he needed
to take that up with the court.  Appellant did not request to represent himself
at that time.  The trial court did not appoint appellant new counsel but gave
Scown and appellant a chance to discuss the complaints raised in appellant=s letter.

Appellant
was still dissatisfied with Scown=s
representation and requested a hearing to have Scown removed as his
court-appointed attorney.  Even though appellant=s
trial was set for the next week, the trial court allowed appellant to change
counsel.  In anticipation of her withdrawal, Scown had contacted Larry Barber
to take over appellant=s
representation.  Barber stated that he had reviewed the file, would waive the
ten-day rule, and would be ready to go to trial the next week.  On the day of
the trial before beginning voir dire, appellant stated that he was dissatisfied
with Barber=s
representation.  The trial court stated that it believed that appellant was
trying to delay trial, and it had addressed all of appellant=s complaints when it
appointed new counsel.  The trial court proceeded with the voir dire of the
jury.  On the day that testimony was to begin, appellant again complained that
his counsel had not investigated the evidence and had not questioned any
witnesses pertaining to the case.  The court stated:

THE
COURT:  Thus far, I have not seen anything that has been done or not been done
either by Mrs. Scown or Mr. Barber that I believe is not reasonable or that is
prejudicial to your defense.  So I have reviewed your letter, and your motion
to relieve Mr. Barber as your attorney is denied, unless you would like to
represent yourself.  

 

THE
DEFENDANT: At this time, that might not be a bad idea.  Would I have time to
prepare for trial? 

 

. . . .








THE COURT: No.

. . . . 

THE DEFENDANT: Okay. Then I am stuck with him.

Barber stated to
the court that, several days prior to trial, he presented appellant with the
forms to sign in order for appellant to represent himself, but appellant told
him that he did not want to represent himself.

The
jury trial continued, and Barber conducted appellant=s defense.  During the trial, the trial court
gave appellant the opportunity to discuss trial strategy with his attorney
outside the presence of the jury.     

Issue

Appellant
asserts in his sole issue that the trial court erred in refusing to allow him
to represent himself at trial.  

Analysis

The
Sixth Amendment of the United States Constitution and Tex. Const. art. I, '
10 provide an accused the right to make his defense, implicitly giving him the
right to represent himself.  Faretta v. California, 422 U.S. 806, 819
(1975); Williams v. State, 252 S.W.3d 353, 356 (Tex. Crim. App. 2008). 
However, this right is not absolute.  A defendant must assert the right to
self-representation Aclearly
and unequivocally.@  Faretta,
422 U.S. at 835; Funderburg  v. State, 717 S.W.2d 637, 642 (Tex. Crim.
App. 1986).  Furthermore, the right must be asserted in a timely manner.  Blankenship
v. State, 673 S.W.2d 578, 585 (Tex. Crim. App. 1984); Ex parte Winton,
837 S.W.2d 134, 135 (Tex. Crim. App. 1992).  An assertion of the right to
self-representation is timely if it is asserted before the jury is empaneled.  Blankenship,
673 S.W.2d at 585.  If a defendant first asserts his right to
self-representation after trial has begun, the right may have been waived.  The
trial court=s decision
to allow the defendant to proceed pro se or to impose reasonable conditions on
self-representation rests in the sound discretion of the trial court.  Kombudo
v. State, 148 S.W.3d 547 (Tex. App.CHouston
[14th Dist.] 2004), vacated and remanded on other grounds, 171 S.W.3d
888 (Tex. Crim. App. 2005) (citing United States v. Singleton, 107 F.3d
1091, 1099 (4th Cir. 1997)).  A defendant=s
request to conduct his own defense must not be a tactic to delay the
proceedings. Blankenship, 673 S.W.2d at 585.








Appellant
did not clearly and unequivocally state that he wanted to represent himself. 
When asked by the trial court if he wanted to represent himself, he stated, A[T]hat might not be a bad
idea.@ However, when
he was denied more time to prepare for trial, appellant stated that he was Astuck with@ Barber.  This is not a
clear invocation of his right to represent himself.  Further, appellant was
asked if he wanted to represent himself by both Scown and Barber prior to
trial.  Yet, he refused and wanted them to continue their representation.  

Even
if appellant clearly and unequivocally invoked his right to represent himself,
he did not do so in a timely manner because his request was made after the jury
was empaneled.  The trial court had the discretion to deny that request if it
believed that it was only for the purpose of delay or that it would interfere
with conducting a fair trial.  The trial court provided numerous accommodations
to appellant at pretrial and throughout the trial.  See Singleton, 107
F.3d at 1099-1100.  The trial court did not abuse its discretion by not
allowing appellant to have more time to prepare for trial in order to represent
himself.  We overrule appellant=s
issue on appeal. 

Conclusion

We
affirm the trial court=s
judgment. 

 

 

RICK STRANGE

JUSTICE

 

August 28, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.