

# NUMBER 13-12-00274-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

STEVEN PAUL PERKINSON,                                     **Appellant,**

**v.**

THE STATE OF TEXAS,                                           **Appellee.**

### On appeal from the 435th District Court
### of Montgomery County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Garza

Appellant, Steven Paul Perkinson, was convicted of bail jumping and failure to appear, a third-degree felony. *See* TEX. PENAL CODE ANN. § 38.10(a), (f) (West 2011). By two issues, Perkinson contends that: (1) the trial court erred in overruling his objection to the definition of "reasonable excuse" contained in the jury charge; and (2)

the trial court erred in instructing the jury that it could consider extraneous offenses. We affirm.

## I. BACKGROUND

Perkinson was released from the Montgomery County Jail after being arrested and detained for felony possession of a controlled substance. Upon release, he received an order notifying him of his first court date on June 3, 2011. Perkinson signed the order, acknowledging its receipt, but he not appear in court on that date. The trial court ordered his bond forfeited and issued a warrant for his arrest.

On July 7, 2011, Perkinson was arrested on the bond forfeiture warrant. At trial, he acknowledged that he signed and placed his thumbprint on the notice he received when he was released from jail, but that he failed to appear in court on June 3, 2011 as directed by that notice. He explained that he did "[n]ot intentionally" fail to appear, but that "I just had my days mixed up . . . . I was moving and everything else." He couldn't recall what he was actually doing on June 3, 2011. He stated that, when he realized he had missed his court date, he contacted his bail bondsman and understood that he was to appear in court on July 11, 2011, to have his bond reinstated. Instead, he was arrested. Perkinson testified that, had he known that he was due in court on June 3, he "wouldn't have missed it for the world."

Section five of the jury charge set out the statutory defense of reasonable excuse. *See id.* § 38.10(c). The section stated, in relevant part:

> It is a defense to the offense of Bail Jumping that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release. An excuse is a reason that justifies an act or omission or that relieves a person of a duty. A reasonable excuse must encompass the entire time the defendant was absent from the court, i.e., from the time

2

his name was called in the courtroom to the time he was ultimately apprehended or appeared in court.

Section six of the jury charge set out the law with regard to evidence of extraneous bad acts. *See* TEX. R. EVID. 404(b). Defense counsel objected to the inclusion of both sections five and six, but the trial court overruled the objections.

The jury found Perkinson guilty of the offense of bail jumping and failure to appear. It found as true the State's two enhancement paragraphs, alleging that Perkinson had been twice previously convicted of felony offenses, and punishment was assessed at thirty-five years' imprisonment. This appeal followed.[1]

## II. DISCUSSION

On appeal, Perkinson contends that there was error in the jury charge which caused him to suffer harm. By his first issue, he argues that non-statutory language expounding upon the "reasonable excuse" defense impermissibly increased his burden to demonstrate that defense. By his second issue, he argues that the trial court erred in instructing the jury that it could consider the drug offense underlying the bail jumping and failure to appear charge.

## A. Standard of Review and Applicable Law

Our first duty in analyzing a jury charge issue is to decide whether error exists. *Ngo v. State*, 175 S.W.3d 738, 743 (Tex. Crim. App. 2005). Then, if we find error, we determine whether the error caused the appellant to suffer harm. *Id.* When the defendant has properly objected to the charge error, as here, reversal is required if we find "some harm" to the defendant's rights. *Almanza v. State*, 686 S.W.2d 157, 171

---

[1] This appeal was transferred from the Ninth Court of Appeals to this Court pursuant to a docket equalization order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

3

(Tex. Crim. App. 1994); *see Dickey v. State*, 22 S.W.3d 490, 492 (Tex. Crim. App. 1999) (en banc). It is Perkinson's burden to prove that he suffered some actual, rather than merely theoretical, harm from the error. *See Dickey*, 22 S.W.3d at 492. Nevertheless, the presence of any harm, regardless of degree, is sufficient to require a reversal of the conviction. *Id.*

The trial court is required to give the jury a written charge "setting forth the law applicable to the case; not expressing any opinion as to the weight of the evidence, not summing up the testimony, discussing the facts or using any argument in his charge calculated to arouse the sympathy or excite the passions of the jury." TEX. CODE CRIM. PROC. ANN. art. 36.14 (West 2007).

## B. Reasonable Excuse Instruction

Texas courts have generally held that, if a jury charge instruction "is not derived from the [penal] code, it is not 'applicable law'" under article 36.14. *Walters v. State*, 247 S.W.3d 204, 214 (Tex. Crim. App. 2007). As the Texas Court of Criminal Appeals stated in *Walters*:

> Before the 1974 Penal Code was adopted, many statutory defenses included specific descriptions of the type of evidence that established that defense. In those cases, a trial judge appropriately instructed the jury on the wording of the entire statute. The instruction was not considered a comment on the weight of evidence (even if it was) because the statute expressly mandated what evidence should be considered for what purpose. When these descriptions were carried forward into the current code, instructions regarding them are still appropriate. But when these common-law doctrines or descriptions have not been carried forward into the Penal Code, instructions on them would constitute a comment on the weight of the evidence that the Legislature has not expressly authorized. When the legislature has not enacted specific statutes, courts may conclude that it intended this silence in the law and in the jury instructions.

*Id.* at 212 (footnote omitted). Accordingly,

4

neither the defendant nor the State is entitled to a special jury instruction relating to a statutory offense or defense if that instruction (1) is not grounded in the Penal Code, (2) is covered by the general charge to the jury, and (3) focuses the jury's attention on a specific type of evidence that may support an element of an offense or a defense. In such a case, the non-statutory instruction would constitute a prohibited comment on the weight of the evidence.

*Id.*

The penal code provision addressing the reasonable-excuse defense to bail jumping states, in its entirety: "It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance with the terms of his release." TEX. PENAL CODE ANN. § 38.10(c). Here, the jury was instructed that a "reasonable excuse" under section 38.10(c) must be an excuse that "encompass[es] the entire time the defendant was absent from the court, i.e., from the time his name was called in the courtroom to the time he was ultimately apprehended or appeared in court."

Perkinson argues that this instruction incorporates a non-statutory definition of "reasonable excuse" and is therefore erroneous. He further argues that he suffered harm as a result of the error because his defensive strategy was based on establishing that he had a reasonable excuse for failing to appear in court on June 3, 2011.

The instruction at issue was apparently taken from the Fourteenth Court of Appeals' 2004 opinion in *Kombudo v. State*, 148 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2004), *vacated on other grounds*, 171 S.W.3d 888 (Tex. Crim. App. 2005). In *Kombudo*, the court of appeals stated:

We do not construe [subsection 38.10(c)] to mean that appellant need only have a "reasonable excuse" at the precise moment his name was called in the trial court. Rather, we find that a "reasonable excuse" must encompass the entire time appellant was absent from the court, i.e., from

5

the time his name was called in the courtroom to the time he was ultimately apprehended or appeared in court.

148 S.W.3d at 550.[2]

Applying the criteria set forth in *Walters*, 247 S.W.3d at 212, we conclude that the inclusion of this instruction was not error. The *Walters* Court stated that a special instruction should not be included in the jury charge if it "(1) is not grounded in the Penal Code, (2) is covered by the general charge to the jury, and (3) focuses the jury's attention on a specific type of evidence that may support an element of an offense or a defense." *Id.* The instruction at issue here was not grounded in the Texas Penal Code. However, we find that the instruction is not covered by the general charge to the jury because the general charge, reflecting penal code subsection 38.10(c), is silent regarding the precise time period during which a defendant must have a "reasonable excuse" in order for the defense to be applicable. The trial court's instruction in this case simply incorporates existing case law, as stated in *Kombudo*, into an instruction regarding the "reasonable excuse" defense.[3] It does not focus the jury's attention on

---

[2] Neither party was able to locate, nor was this Court able to locate, any other Texas case interpreting the "reasonable excuse" defense in this manner.

[3] Perkinson does not argue that the *Kombudo* court's interpretation of penal code subsection 38.10(c) is wrong; he merely states that the interpretation should not have been included into the jury charge because it is of non-statutory origin. We do not express an opinion on whether the *Kombudo* court's construction of the statute is correct because that issue is not before us. *See* TEX. R. APP. P. 47.1. But, we note that *Walters* does not forbid *all* non-statutory instructions from being included in the charge; instead, it only forbids those non-statutory instructions which constitute a comment on the weight of the evidence. *See Walters v. State*, 247 S.W.3d 204, 212–14 (Tex. Crim. App. 2007). The instruction at issue here does not fall within that category.

We also note that any error in submitting the complained-of jury instruction would have been harmless. *See* TEX. R. APP. P. 44.2(b) (regarding reversible non-constitutional error in criminal cases). Even if we were to assume that the bail bondsman's instructions may have given Perkinson a "reasonable excuse" for failing to appear between the time he realized he missed his court date and the time he was arrested, Perkinson presented no evidence establishing a "reasonable excuse" for his failure to appear in court on June 3, 2011. In particular, Perkinson's testimony that he "just had [his] days mixed up" and "was moving and everything else," but that he couldn't recall what he was actually doing on June 3, would have been legally insufficient to support a jury finding of "reasonable excuse," regardless of

6

any specific type of evidence, and therefore does not constitute a comment on the weight of the evidence. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14; *Walters*, 247 S.W.3d at 212.

Perkinson's first issue is overruled.

## C. Extraneous Offense Instruction

Section six of the jury charge stated, in its entirety, as follows:

> There is evidence before you in this case alleging the Defendant committed an offense or offenses other than the offense alleged against him in the indictment in this case. You are instructed that you cannot consider such evidence for any purpose unless you first find and believe beyond a reasonable doubt that the Defendant did commit such other alleged offense or offenses.

> You are instructed that evidence of crimes, wrongs, or acts other than what is alleged in the indictment is not admissible to prove the character of the Defendant in order to show action in conformity with that character, as proof he is guilty of the offense charged in the indictment.

> It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, and even then you only consider the same in determining the motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident of the defendant, if any, in connection with the offense, alleged against him in the indictment, and for no other purpose.

The final two paragraphs of this section precisely track the rule of evidence regarding extraneous offenses. *See* TEX. R. EVID. 404(b).

Perkinson argues that "[i]t was error to include the reference to extraneous offenses in the jury charge" because it "allowed the State to use extraneous offenses[4]

---

whether the complained-of jury instruction was included in the charge. *See Matlock v. State*, 392 S.W.3d 662, 667 (Tex. Crim. App. 2013) (setting forth standard of review for evidentiary sufficiency for affirmative defense).

[4] In particular, evidence was adduced indicating that Perkinson had previously been charged with possession of a controlled substance.

to prove Perkinson's character or conformity therewith." We disagree. As noted, the rule precisely tracks the applicable rule of evidence. *See id.* Ordinarily, a jury charge instruction that essentially tracks statutory or rule language will not be deemed error. *Martinez v. State*, 924 S.W.2d 693, 699 (Tex. Crim. App. 1996); *Blackwell v. State*, 193 S.W.3d 1, 16 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd).

The Texas Court of Criminal Appeals has found such instructions erroneous only when they instruct the jury on an improper Rule 404(b) purpose. *See Daggett v. State*, 187 S.W.3d 444, 446 (Tex. Crim. App. 2005) (finding error in instruction that jury consider extraneous offense evidence only for limited purposed of "determining the common plan or scheme" of defendant because no evidence at trial showed that extraneous offense was plan or scheme of defendant and extraneous offense was only admissible to rebut "appellant's blanket statement of good conduct with minors," an issue not included in the jury charge); *Owens v. State*, 827 S.W.2d 911, 916–17 (Tex. Crim. App. 1992) (finding error in instruction that jury consider extraneous evidence only for limited purpose of "determining the system of the Defendant" because no evidence at trial showed that extraneous offense was "the system or unusual handiwork of defendant"). In both *Daggett* and *Owens*, the only limitation on the jury's consideration of the extraneous offense related to an issue that was not raised by the evidence at trial. *See Daggett*, 187 S.W.3d at 446; *Owens*, 827 S.W.2d at 913. The concern in *Owens* and *Daggett*, that the jury charge limited the extraneous offense evidence to an impermissible consideration only, is not present here. The jury charge properly instructed the jury in how it may consider the extraneous offense evidence, and it limited

the jury's use of the evidence to only those purposes explicitly permitted by Rule 404(b).[5]

We find no error in section six of the jury charge.[6]  Perkinson's second issue is overruled.

## V. CONCLUSION

The trial court's judgment is affirmed.

_____
DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of August, 2013.

---

[5] Perkinson further argues that the instruction was erroneous because "[t]he fact that Perkinson had been charged with possession of a controlled substance would not be probative of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  However, he does not explicitly challenge the *admission* of the evidence on appeal; rather, his argument is confined to the propriety of the limiting instruction contained in the jury charge.  In any event, to the extent Perkinson does raise an issue regarding admission of the evidence, we note that defense counsel did not object to the evidence at trial.  Accordingly, any error in the admission of that evidence—as opposed to error in charging the jury—has not been preserved for our review.  *See* TEX. R. APP. P. 33.1.

[6] Even if we assumed that the inclusion of section six was erroneous, Perkinson cannot show that he was harmed by any such error.  *See* TEX. R. APP. P. 44.1, 44.2.  If the trial court had sustained defense counsel's objection and excluded the instruction at issue, the jury would have been free to consider evidence of Perkinson's extraneous offenses for any purpose, including character conformity.

9