

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-13-00023-CR

STEVEN DEWAYNE INGRAM, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 316th District Court
Hutchinson County, Texas
Trial Court No. 10,784, Honorable David Gleason, Presiding

August 11, 2014

## MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Steven Dewayne Ingram appeals from his conviction by jury of the offense of possession of a controlled substance, methamphetamine, in an amount less than one gram and the resulting sentence of two years imprisonment in a state jail facility. Through one issue, Ingram contends the trial court abused its discretion and violated his constitutional rights by determining he "competently" waived the right to counsel. We will affirm.

## Background

Ingram was indicted by grand jury for possession of less than one gram of methamphetamine[1] in December 2011. The record is not clear when Ingram first raised his intention to exercise his right to self-representation but the record does contain the motion to withdraw filed by his court-appointed attorney in September 2012. Ingram agreed to the motion, and his signature appears on it. One of the grounds for withdrawal cited by counsel was "Steven DeWayne Ingram no longer desires that Movant represent him and desires that he be allowed to represent himself." The court granted counsel's motion to withdraw the following day.

Ingram appeared *pro se* at subsequent hearings, and the court discussed with him on those occasions his decision to represent himself. The court addressed the subject with Ingram again on the day of trial, and at that time formally accepted Ingram's waiver of his right to counsel. Ingram plead not guilty, and the case was tried to a jury, which convicted Ingram as charged in the indictment and assessed punishment as noted. Now represented by appointed counsel on appeal, Ingram raises his single appellate issue.

## Analysis

Ingram argues on appeal the "trial court abused its discretion and thereby deprived [him] of both due process and equal protection of law by holding that [he] 'competently' waived his right to counsel and then proceeded to a trial of all issues with [Ingram] acting *pro se.*"

---

[1] *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2012).

We apply an abuse of discretion standard to our review of Ingram's complaint regarding the trial court's handling of his invocation of the right of self-representation. *DeGroot v. State,* 24 S.W.3d 456, 457-58 (Tex. App.—Corpus Christi 2000, no pet.). We view the evidence in the light most favorable to the trial court's ruling, and we will imply any findings of fact supported by the record and necessary to affirm the trial court's ruling when, as here, the trial court did not make explicit findings. *Chadwick v. State*, 309 S.W.3d 558, 561 (Tex. Crim. App. 2010).

The Sixth and Fourteenth Amendments to the United States Constitution protect a defendant's right to self-representation in a criminal proceeding. *Moore v. State*, 999 S.W.2d 385, 396 (Tex. Crim. App. 1999) (*citing Faretta v. California*, 422 U.S. 806, 818-20, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (1975)). "[A]n accused's right to proceed *pro se* does not attach until he clearly and unequivocally asserts it." *Hathorn v. State*, 848 S.W.2d 101, 123 (Tex. Crim. App. 1992).

"It is the defendant, not his lawyer or the State, who will bear the personal consequences of a conviction. It is the defendant, therefore, who must be free personally to decide whether in his particular case counsel is to his advantage. While we may be skeptical of his election knowing that he may conduct his defense ultimately to his own detriment, his choice must be honored." *Faretta,* 422 U.S. at 833. But a defendant's decision to forego the benefits of representation by counsel must be made "knowingly and intelligently." *Faretta*, 422 U.S. at 835, *quoting Johnson v. Zerbst,* 304 U.S. 458, 58 S. Ct. 1019, 82 L. Ed. 1461 (1938). To that end, the defendant should be made aware of the dangers and disadvantages of self-representation so that the record will establish that "he knows what he is doing and his choice is made with eyes open."

*Faretta*, 422 U.S. at 835, *quoting Adams v. United States ex rel. McCann*, 317 U.S. 269, 279, 63 S. Ct. 236, 87 L. Ed. 268 (1942). While *Faretta* does not mandate an inquiry concerning appellant's age, education, background or previous mental health history in every instance where an accused expresses a desire to represent himself, *Martin v. State,* 630 S.W.2d 952, 954 (Tex. Crim. App. 1982), the record must contain proper admonishments concerning *pro se* representation and any necessary inquiries of the defendant so that the trial court may make "an assessment of his knowing exercise of the right to defend himself." *Faretta,* 422 U.S. at 836; *see also Blankenship v. State,* 673 S.W.2d 578, 580 (Tex. Crim. App. 1984). Also, "*Faretta* does not authorize trial judges across this state to sit idly by doling out enough legal rope for defendants to participate in impending courtroom suicide; rather, judges must take an active role in assessing the defendant's waiver of counsel." *Id.*

Generally, the record must be "sufficient for the reviewing court to make an assessment that appellant knowingly exercised his right to defend himself. Admonishments of defendants who wish to proceed *pro se* should include an effort to ensure that the defendant is aware of the practical disadvantages of representing himself. The defendant should be aware that there are technical rules of evidence and procedure, and he will not be granted any special consideration solely because he asserted his pro se rights." *Johnson v. State,* 760 S.W.2d 277, 278-79 (Tex. Crim. App. 1988). As *Faretta* held, "his eyes should be open to the fact that, while it is undoubtedly his right, he is about to embark on a risky course." *Id.* at 279. In the end however, a defendant must be allowed to represent himself "if he truly wants to do so." *Faretta,* 422 U.S. at 817. Thus, if the defendant persists in seeking to proceed *pro se*, the court must

4

allow self-representation. *Burgess v. State,* 816 S.W.2d 424, 428-29 (Tex. Crim. App. 1991).

The record here demonstrates the trial court took an active role in assessing Ingram's assertion of his right to self-representation. At an October 2012 hearing, the court questioned Ingram, asking, "I want to make sure -- I know we've been through this before, but I want to make sure that you are aware of all the dangers and pitfalls of representing yourself." In response to the court's questioning, Ingram was adamant in his choice to do so. The court revisited Ingram's choice to proceed *pro se* at another hearing the same month, specifically reminding him he would be required to observe the rules of evidence and of procedure. On that occasion, the prosecutor also questioned Ingram on that subject, addressing Ingram's understanding of the legal proceedings including jury selection and courtroom procedures. At one point during that exchange, Ingram stated:

> A. I studied the law about a half a year, so I mean I don't have that much experience as you. I'm not a full attorney but I do understand what's going on and what happened to me in the past. It's not fair when it's all one sided.
>
> Q. And based upon that, I want this to be very clear - - the State's interest is that you have a fair hearing and a fair trial. I would prefer, as the State, that you have counsel to assist you in this case to make sure your rights are fully protected. That's my interest.
>
> A. I understand my rights.

Ingram later reiterated, "I don't want another attorney..." After further questioning by the State about his understanding of the proceedings, Ingram repeatedly told the court he "understand[s] those things." The prosecutor told the court, "[w]e are satisfied

that [Ingram] does not want representation. However, we are not satisfied that he is competent to represent himself."[2]  The prosecutor asked the trial court to appoint an attorney to assist Ingram. The trial judge stated, "I think he's competent to make the decision. I think he's foolish to make that decision, but he's competent to.  And if you insist upon representing yourself, Mr. Ingram, I will permit it."

On the day of trial, the court again questioned Ingram about his choice to proceed *pro se.*  The following exchange took place:

THE COURT:       Okay. I'm going to call Case No. 10,784 for a jury trial. This is the State of Texas against Steven DeWayne Ingram. Is the State ready?

MR. SNIDER:      State is ready, Your Honor.

THE COURT:       And, Mr. Ingram, are you ready?

THE DEFENDANT: Yes.

THE COURT:       Okay. Before we . . . begin jury selection and things, I want to, one more time, go through your right to counsel. Okay? You do fully understand that you have the right to have a lawyer to represent you in this matter?

THE DEFENDANT: I do understand.

THE COURT:       Okay. And you understand that I would appoint somebody to represent you if you wanted one, correct?

THE DEFENDANT: Correct.

---

[2] Ingram's brief argues this statement by the prosecutor shows Ingram did not fully understand the consequences of his decision of self-representation and alludes to the possibility that Ingram was not mentally competent to make such a decision. From the context, it is clear to us that by his choice of the word "competent" the prosecutor was referring to Ingram's competence to represent himself at trial, not his competence to waive his right to counsel. *See Morales v. State,* 07-10-00531-CR, 2011 Tex. App. LEXIS 9736 (Tex. App. Amarillo, 2011) (memo. op., not designated for publication) *citing Godinez v. Moran,* 509 U.S. 389, 399 (1993) (discussing competence required to exercise rights under *Faretta*). Ingram's mental capacity was not questioned during the proceedings.

THE COURT:        Okay. And through our conversations the last couple of weeks, you have told me repeatedly that you want to represent yourself?

THE DEFENDANT: Yes.

THE COURT:        You do not want a Court-appointed lawyer?

THE DEFENDANT: No.

THE COURT:        You do not want a lawyer appointed to sit and give you advice?

THE DEFENDANT: No.

THE COURT:        You just want to do it yourself?

THE DEFENDANT: Yes.

THE COURT:        All right. And you have signed now a waiver of your right to counsel and a request for a jury trial, and you've sworn to that before a notary?

THE DEFENDANT: Yes.

THE COURT:        Do you understand you've been advised of all the dangers and pitfalls and things like that?

THE DEFENDANT: Yes.

THE COURT:        You do fully understand that you have the right to represent yourself if you wish to do so, but you understand that you'll be held to the same rules --

THE DEFENDANT: Yes, sir.

THE COURT:        -- and everything as if you were a lawyer?

THE DEFENDANT: Yes, sir.

THE COURT:        Okay. I'm going to approve your Waiver of Right to Counsel then and we'll be able to begin shortly.[3]

---

[3] The Waiver of Right to Counsel and Request for Jury Trial provides, in relevant part:

The Court has advised me of the offense that I am charged with in this case and the range of punishment prescribed for such offense. And, although I have been advised by the Court of the dangers and disadvantages of self-representation, and fully understanding the dangers and disadvantages of proceeding without an attorney, and

7

From the record before us, we find Ingram very clearly expressed his desire to represent himself on several separate occasions. The trial court and the State engaged in lengthy conversations with Ingram establishing he was aware of the practical disadvantages of representing himself, identifying legal concepts he was not familiar with, making him aware of rules and procedures he would be required to follow, and informing him he would not be granted special consideration. *See Johnson,* 760 S.W.2d at 278-79. Despite these repeated admonishments, Ingram insisted he wished to represent himself and signed a waiver of counsel expressing the same insistence.

Courts have found such express statements to be clear and unequivocal assertions of the right to represent oneself. *See, e.g., Hathorn*, 848 S.W.2d at 123 ("Thus, I would reurge the Court to allow me to proceed *pro se*, under *[F]aretta* versus *California."); Funderburg v. State,* 717 S.W.2d 637, 639 (Tex. Crim. App. 1986) ("I'm saying I would like to represent myself . . . I would still like to represent myself."); *Blankenship,* 673 S.W.2d at 580 ("Yes, sir. I would like to pro se my own case."); *Kombudo v. State,* 148 S.W.3d 547, 551 (Tex. App.—Houston [14th Dist.] 2004) ("I would like to proceed *pro se*."), *vacated on other ground,* 171 S.W.3d 888 (Tex. Crim. App. 2005), *appeal perm. abated,* No. 14-03-00738-CR, 2006 Tex. App. LEXIS 287 (Tex. App.—Houston [14th Dist.] Jan. 12, 2006, no pet.) (mem. op., not designated for publication); *Birdwell,* 10 S.W.3d at 76 ("[Defendant] wants me to tell you he wants to

_____

even though the Court has offered to Court appoint an attorney to represent me in this cause, I refused this offer. I still wish to give up my right to an attorney and represent myself in this case.

I HEREBY WAIVE MY RIGHT TO COUNSEL AND DEMAND THAT I BE ALLOWED TO REPRESENT MYSELF IN THIS CASE WITHOUT ANY ASSISTANCE OR ADVICE FROM AN ATTORNEY OR LAWYER.

8

represent himself."); *Glover v. State,* No. 09-06-00325-CR, 2008 Tex. App. LEXIS 7321 (Tex. App.—Beaumont Aug. 27, 2008, no pet.) (mem. op., not designated for publication) ("Yes sir, I wish to proceed *pro se* . . . I understand the pitfalls of representing myself.").

Finding neither an abuse of discretion nor any violation of Ingram's constitutional rights in the trial court's handling of his exercise of the right of self-representation, we overrule Ingram's issue on appeal and affirm the judgment of the trial court.

James T. Campbell
Justice

Do not publish.