EX PARTE LESLIE F. LOGAN.

No. 23942. Delivered November 12, 1947.
On Motion to Reinstate Appeal November 26, 1947.

*McWhorter, Howard & Cobb,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

DAVIDSON, Judge.

Notice of appeal in this case is shown, first, by a docket entry and, thereafter, by an amended notice of appeal which the trial court ordered entered of record.

There is, however, nothing to show that the notice of appeal has been so entered.

Article 827, C. C. P. requires that notice of appeal be entered of record. Entry of record, as there used, means the recording of the notice of appeal in the minutes of the court. The authorities supporting the rule are numerous and will be found collated under Note 4, Art. 827, Vernon's C. C. P.

A valid notice of appeal is necessary to give this court jurisdiction upon appeal.

The State's attorney before this court moves to dismiss the appeal in this case for the above reasons.

The State's motion is granted, and the appeal dismissed.

Opinion approved by the Court.

KRUEGER, Judge.

At a former day of this term of Court we dismissed the appeal because the record failed ot disclose a valid notice of appeal. Since that time, appellant has filed a motion to reinstate the appeal together with a supplemental transcript which shows that a proper notice of appeal was, in fact, given. Therefore, the motion to reinstate the appeal is granted and the case will be disposed of on its merits.

The record shows that appellant was arrested under and by virtue of an executive warrant issued by the governor of this state upon a requisition from the Governor of the State of Kansas. He immediately applied to the Hon. G. V. Pardue, Judge of the District Court of the 99th Judicial District, for a writ of habeas corpus and prayed that upon a hearing thereon he be discharged. The writ was issued and upon the hearing, appellant was remanded to William P. Coates, Sheriff of Shawnee County, Kansas, who was duly appointed and designated by the governor of said state as its agent to convey appellant to said state. From said order remanding him, he has appealed to this Court.

Appellant was charged by complaint in the State of Kansas with failing to support his minor child who was in necessitous circumstances; that in the month of February, 1944, he did without lawful excuse desert his infant child, Leslie Diane Logan, then three years of age, at Topeka, Kansas, and since said time has failed, refused and neglected to provide for the support and maintenance of said child; that in August, 1945, and in July, 1946, he returned to Topeka, Kansas, at which time said infant child was in destitute and necessitous circumstances and defendant at such time neglected and refused to provide for the support of said child, but departed from the State of Kansas, etc. This complaint was made and sworn to by Mrs. Mary Jane Logan Thompson before Paul H. Henry, Judge of the District Court of Shawnee County, State of Kansas, on the 3rd day of July, 1947. The executive warrant was issued on July 29th, 1947, twenty-six days later. Appellant takes the position that he was charged by an information, dated January, 1945, with having committed the offense in February, 1944; and that the affidavit of W. K. Thompson, County Attorney of Shawnee County, Kansas, made on the 6th day of March, 1945, in support of the information, is insufficient to aid the information on file because it recites, "that the allegations contained in the foregoing information are, according to the best of his knowledge, information and belief, true in substance and in fact."

We agree with appellant that Mr. Thompson's affidavit, in support of the information is insufficient as a basis for an extradition warrant, but the complaint made by Mrs. Mary Jane Logan Thompson some twenty-six days prior to the time that the governor of this state issued a warrant for the arrest of appellant is deemed sufficient to authorize the issuance of the warrant. It occurs to us that since the executive warrant recites that Leslie Logan stands charged by complaint and affidavit, the Governor had the complaint of Mrs. Thompson before him, therefore, the issuance of the warrant was justified and the arrest of appellant under and by virtue of said warrant was authorized. Consequently, the insufficiency of the affidavit in support of the information is of no avail to him.

Appellant next contends that he was not in the State of Kansas in February, 1944, and therefore was not a fugitive from justice. He testified, however, that he was in Topeka, Kansas, on the 6th day of May, 1945, when he appeared in Court at Topeka and agreed to pay $40.00 per month toward the support of his infant child; that he was also in Topeka in July, 1946, visiting his sister. It also appears from the record that

on April 24th, 1947, he had his wife write a letter to the Judge in whose court the case was pending in which he stated that he had been sick and was unable to meet the payments for the support of his child, thereby admitting that he had failed to support his child. The failure to support a minor child is a continuing offense which is committed not by any overt act but by neglect and failure to act. The offense continues so long as the neglect continues without excuse. It may be true that the offense began while appellant was not in Kansas, yet the evidence shows that he defaulted while in Kansas and continued his default after he left Kansas on the two occasions mentioned. This would bring him within the category of a fugitive from justice. The facts in this case are very similar in many respects to the facts in the case of Ex Parte Beeth, 154 S. W. (2d) 484, In that case, the question here under consideration was decided adversely to his contention.

Appellant brings forward two bills of exception in which he complains because the court sustained the objections of the State to the introduction of evidence showing payments which he made to the clerk of the district court at Topeka for the support of his child. Whether or not these payments were sufficient to meet the requirements of the order of the court was purely a matter of defense which he could prove on his trial at Topeka. The courts of an asylum state will not entertain such defensive matter since he has a legal right to prove such defense on the trial of his case in the demanding state.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Opinion approved by the Court.