**Joe Jay WEAVER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 68125.**

Court of Criminal Appeals of Texas, En Banc.

Sept. 28, 1983.

John R. Saringer, Abilene, for appellant.

Joseph Thigpen, Dist. Atty., Haskell, Robert Huttash, State's Atty., Austin, for the State.

OPINION

W.C. DAVIS, Judge.

A jury found appellant guilty of aggravated kidnapping and assessed punishment at life.

Appellant asserts three grounds of error. First, he contends that there is insufficient evidence to prove that at the time of the abduction, appellant had the requisite intent to violate or abuse the victim sexually. Second, appellant claims that the trial court erred in failing to include in its charge, definitions or instructions concerning the phrase "violate or abuse her sexually." Appellant's last ground of error concerns the court's refusal to allow issuance of subpoenas for out-of-state witnesses.

On May 22, 1978 appellant went to his stepson's house, where his stepson, D.G., his stepson's wife, B.G., and their four and one-half week old baby lived. After fifteen or twenty minutes of conversation, appellant pulled a butcher's knife from behind his back; forced his stepson to lie on the floor; and tied his hands and feet with electric cords that he took out of his pocket. Appellant repeatedly threatened to kill D.G. and B.G. Appellant forced B.G., at knife point, to go with him outside the house and then back inside, into the bedroom. Appellant fondled B.G. and forced her to take her clothes off and lie on the bed. Appellant took his pants off, lay on top of B.G. and told her "he was going to fuck me." At this point, B.G.'s husband managed to free himself and hit appellant several times with a softball bat. Appellant was arrested later that night.

■ Appellant asserts that V.T.C.A. Penal Code, § 20.04(a)(4) [1] "implies that the abduction must be coupled with the alleged intent," and that the evidence is insufficient to show any act or statement by appellant that would indicate that at the time the abduction occurred appellant had the requi-

---

1. A person commits an offense, if he intentionally or knowingly abducts another person with      the intent to: ... (4) inflict bodily injury on him or violate or abuse him sexually: ...."

site intent to violate or abuse the victim sexually.

Appellant, in essence, argues that the abduction occurred only at the exact time that he pulled the knife and that there is no evidence of intent to violate or abuse the victim sexually *at that time.*

Abduct "means to restrain a person with intent to prevent his liberation by: ... (B) using or threatening to use deadly force." V.T.C.A., Penal Code § 20.01(2).

Restrain means to restrict a persons' movements without consent so as to interfere substantially with his liberty, by moving him from one place to another or by confining him. Restraint is "without consent" if it is accomplished by: (a) force, intimidation, or deception; ... V.T.C.A., Penal Code Section 20.01(1).

The evidence clearly demonstrates that appellant abducted and restrained B.G. by threats of deadly force. Appellant does not dispute the proof of abduction, rather he claims that the aggravating element of intent to violate or abuse sexually was not proved to be present at the time of abduction, which time he claims is at one specific moment. Appellant seems to claim that the time of abduction was only at the one moment when appellant pulled the knife and that the aggravating element, the intent, did not exist at that specific time. This argument seems analogous to the offense of burglary in which the required intent must exist at the time of entry. This argument is incorrect because abduction, unlike burglary, is a continuing offense. Recall the definitions of "abduct" and "restrain". A burglary is complete once entry is made with the requisite intent. The restraint in abduction does not necessarily "occur" only at one specific time. B.G. was restrained from the moment appellant pulled the knife, threatened her, and forced her to go to certain places within and outside the house. The abduction was a continuous, ongoing event. There is no time limit for abduction. *Sanders v. State,* 605 S.W.2d 612, 614 (Tex.Cr.App.1980). See the discussion of "seizure" and "detention" in *Hardie*

*v. State,* 140 Tex.Cr. 368, 144 S.W.2d 571, 575 (Tex.Cr.App.1940).

The intent to violate or abuse B.G. sexually was proved by the testimony of B.G. and D.G. B.G. stated that appellant fondled her; forced her to undress; told her "that he had always wanted to do this ever since he had first seen me ..."; took off his pants and then fondled and lay on top of B.G. Appellant forced B.G. to do this at knife point accompanied by repeated threats of death. There is sufficient evidence to show the ongoing abduction together with the intent to violate or abuse sexually.

This ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court erred in failing to include definitions or instructions in the charge to the jury concerning the phrase "violate or abuse her sexually."

Appellant acknowledges that this Court has answered this contention unfavorably to his position in *Sanders v. State,* supra, and *Phillips v. State,* 597 S.W.2d 929 (Tex. Cr.App.1980). Appellant invites this Court to overrule *Phillips* and *Sanders.* We decline the invitation.

This ground of error is overruled.

Appellant alleges two errors concerning subpoenas. First, appellant alleges that the court erred in refusing to allow appellant the right to subpoena an out-of-county witness by the name of T.M. Weaver. The record contains a subpoena for T.M. Weaver. No error is presented.

■ Secondly, appellant argues that the court's denial of his application for subpoenas for out-of-state witnesses violates due process, the Sixth Amendment to the United States Constitution, and Article 1, § 10 of the Texas Constitution. The Sixth Amendment and Article 1, § 10 of the Texas Constitution gives the accused in a criminal prosecution the right of compulsory process for obtaining witnesses in his favor. This right is not absolute. *Spencer v. State,* 503 S.W.2d 557 (Tex.Cr.App.1974). Under Article 24.28, § 4 V.A.C.C.P., out-of-state witnesses must be shown to be material to

the criminal proceeding in order to have them subpoenaed. *In Ex parte Armes,* 582 S.W.2d 434 (Tex.Cr.App.1979) this Court addressed § 3 of Article 24.28 dealing with procedures to be used when a sister state requests the compulsory attendance of a witness in a criminal matter. The language of § 3(a) and § 4(a) stating that the person being compelled must be a material witness, is the same. *Ex parte Armes* indicates that the requesting court must determine whether a witness is material and necessary. This determination applies to the materiality issue of § 4(a) also.

Appellant must show that the witnesses he seeks to subpoena under the authority of § 4(a) are material and necessary to the criminal proceeding.

The trial court held a pre-trial hearing concerning appellant's motion for application for subpoenas for the out-of-state witnesses. Appellant stated that the witnesses were necessary because they were character witnesses for him. He simply asserted that they were material and necessary to his defense because they were the only character witnesses he had. He also stated that he had a "pretty good idea" that their testimony would be in his behalf. He had not spoken to any of the witnesses about testifying at his trial, which was set for trial five days from the date of the pre-trial hearing. No other facts demonstrating the need for and materiality of these witnesses were shown. Appellant must prove to the trial court that the out-of-state witnesses are material and necessary. Appellant presented nothing but the bare assertion that the witnesses were material and necessary as favorable character witnesses.

In *Ex parte Armes,* the attached affidavit set out in detail the factual basis for the California court's determination that Armes was a material witness. This detailed showing of materiality is necessary in the interests of comity, economy, and efficiency. The trial court's determination that appellant had not demonstrated materiality and necessity will not be upset on appeal.

This ground of error is overruled. The judgment is affirmed.

ONION, P.J., and CLINTON, J., dissent.

MILLER, J., concurs in the result.