**Ex Parte Malcolm Isles MARTIN.**

**No. 09–04–439 CR.**

Court of Appeals of Texas, Beaumont.

Submitted March 3, 2005.

Decided March 9, 2005.

 

Raquel Galle, Beaumont, for appellant.

John D. Kimbrough, County Atty., Krispen Walker, Asst. County Atty., Orange, for state.

Before McKEITHEN, C.J., KREGER, and HORTON, JJ.

## OPINION

CHARLES KREGER, Justice.

Appellant, Malcolm Isles Martin, is charged with bail jumping. He filed a pretrial writ of habeas corpus, claiming prosecution is barred by the statute of limitations. Martin asks this court to reverse the trial court's order denying habeas corpus relief. We agree that Martin is entitled to a writ of habeas corpus.

Martin was charged by indictment on July 7, 2004, with the offense of bail jumping. The offense was alleged to have occurred on May 22, 2001. *See* Tex. Pen. Code Ann. § 38.10(f) (Vernon 2003). Martin was initially indicted for aggravated robbery on September 30, 1998 and the case was set for trial on May 21, 2001; Martin did not appear.[1] The indictment on bail jumping is clearly outside the three-year statute of limitations for that offense. *See* Tex.Code Crim. Proc. Ann. art. 12.01(6) (Vernon Supp.2005).

A pretrial writ of habeas corpus is the proper procedural vehicle to raise the contention that the prosecution is barred by the statute of limitations. *See Ex parte Tamez*, 38 S.W.3d 159, 160 (Tex. Crim.App.2001). In reviewing the charging instrument we look only to the face of

---

**1.** Although the record on appeal does not reflect these facts, they are asserted in both appellant's and the State's brief.

the pleading. *Id.* at 160–61. The State must allege facts showing the statute of limitations has been tolled. *Ex parte Dickerson,* 549 S.W.2d 202, 203 (Tex.Crim.App. 1977). If the pleading, on its face, shows the offense charged is barred by limitations it is appropriate to grant habeas corpus relief. *Tamez,* 38 S.W.3d at 160.

■ The State argues the statute of limitations was tolled during the time Martin was absent from the state. In claiming the statute was tolled, the State relies solely upon the first indictment for aggravated robbery. The State asserts that because Martin was accused of aggravated robbery, he was "an accused" within the meaning of article 12.05(a) and the time he was absent from the state is not computed in the period of limitation.[2] The State is asking this court to interpret "the accused" to mean that if the person was accused of any offense the statute of limitations was tolled—for any and every other offense. The State cites no authority in support of its position except to argue that the cases cited by Martin, *Ex parte Matthews,* 933 S.W.2d 134, 138 (Tex.Crim.App. 1996), and *Ex parte Zain,* 940 S.W.2d 253 (Tex.App.-San Antonio 1997, no pet.), do not require "the defendant to be accused of the specific offense in the complained-of indictment."

■ Although that was not the issue before either court, we believe the Court of Criminal Appeals in *Matthews* clearly never contemplated otherwise. The court noted:

Statutes of limitation are acts of grace in that the sovereign surrenders its right to prosecute (or its right to prosecute at its discretion); thus they are considered to be equivalent to acts of amnesty. *Vasquez v. State,* 557 S.W.2d 779, at 781 (Tex.Cr.App.1977). Statutes of limitation are to be construed liberally in favor of the accused; the burden is on the State to show the offense was committed within the period of limitation. *Vasquez v. State, supra,* at 783; *White v. The State,* 4 Tex.App. 488 (1878).

*Ex parte Matthews,* 933 S.W.2d 134, 136 (Tex.Crim.App.1996), *overruled on other grounds by Proctor v. State,* 967 S.W.2d 840 (Tex.Crim.App.1998). "There is no authority in law to prosecute a citizen after the period of limitation has intervened. *Vasquez v. State, supra,* at 783, n. 6; *Ex Parte Hoard,* 63 Tex.Crim. 519, 140 S.W. 449, at 451 (1911)." *Id.* at 137, 933 S.W.2d 134.

In *Matthews,* 933 S.W.2d at 138, the Court of Criminal Appeals determined "a person is 'accused' from the time any 'criminal action' is commenced against him." As the court had previously written, "[i]t is clear from our statutory scheme for limitation of criminal prosecutions that the State must present indictments or file informations and complaints within certain specified time periods '*and not afterward.*'" *Vasquez v. State,* 557 S.W.2d 779, 783 (Tex.Crim.App.1977) (emphasis added).

---

2. **Art. 12.05. Absence from State and time of pendency of indictment, etc., not computed**

(a) The time during which the accused is absent from the state shall not be computed in the period of limitation.

(b) The time during the pendency of an indictment, information, or complaint shall not be computed in the period of limitation.

(c) The term "during the pendency," as used herein, means that period of time beginning with the day the indictment, information, or complaint is filed in a court of competent jurisdiction, and ending with the day such accusation is, by an order of a trial court having jurisdiction thereof, determined to be invalid for any reason.

Tex.Code Crim. Proc. Ann. art. 12.05 (Vernon 1977).

The *Matthews* court found that adopting the State's interpretation of "accused" to mean the person *now* accused "... ignores both the language of Article 12.05(a) as well as its predecessors and caselaw construing and applying them, and would defeat the beneficent intent and studied purpose of statutes of limitation—essentially insisting that prosecutorial authorities exercise all due diligence obtaining and presenting a formal accusation of an offense against a person—ordinarily one who is already a criminally 'accused.'" *Ex parte Matthews,* 933 S.W.2d at 137. The court further noted that "[t]he prosecution was free to toll running of the statute of limitation by simply filing and pursuing pre-indictment whatever accusatory pleading or paper it preferred for that purpose. Having failed to do so, the prosecution allowed the applicable statute of limitation to run unabated. Appellant is entitled to the amnesty granted by the Legislature to all citizens similarly situated." *Id.* at 138. The court concluded, "[b]ecause it comports with legislative intent and purpose consistently manifested and judicially implemented since at least 1857, we hold that Article 12.05(a) operates to toll the statutory limitations period only when the citizen has been effectively accused of an offense." *Id.* (emphasis added).

The State's reliance upon "an offense" is misguided. *Matthews* also states "the intent and purpose of statutes of limitation is to require that an accused be prosecuted on a charging instrument filed within the period prescribed *for the offense alleged.*" *Id.* at 136–37 (emphasis added). The purpose of the statutes of limitation would be wholly obviated by the State's interpretation because it would allow any accusation to toll the statute of limitations for any offense.

The more recent opinion by the Court of Criminal Appeals in *Hernandez v. State,* 127 S.W.3d 768 (Tex.Crim.App.2004), is instructive on this point. In *Hernandez* the issue before the court was whether article 12.05(b) of the Texas Code of Criminal Procedure, *supra,* permits a previous indictment for a violation of one law to toll the statute of limitations for violation of a different law. *Id.* at 768–69. The court held a prior indictment on one offense does not toll the limitations period on another offense, unless it charges the same conduct, act, or transaction. *Id.* at 774. The court noted that "[i]f we were to read 'an indictment' to mean any indictment for any unrelated offense, then a person could be continually indicted for any offense that the State felt inclined to charge once an initial indictment was filed. This application would defeat the purpose of the statute of limitations, which requires the State to exercise due diligence in obtaining and presenting a formal accusation of an offense against a person." *Id.* at 772. Reading "the accused" to mean "an accused" as the State requests would produce the same undesirable result.

The aggravated robbery alleged to have occurred sometime before September 30, 1998, is obviously not the same conduct as jumping bail; the factual basis is clearly not the same for the two indictments. *Id.* at 773. Therefore, the indictment for aggravated robbery did not toll the statute of limitations. *See* Tex.Code Crim. Proc. Ann. art. 12.05(b) (Vernon 1977).

There is no evidence in the record Martin was charged with any conduct or act that would constitute the offense of bail jumping before the limitations period had expired. *See also State v. Shastid,* 940 S.W.2d 405 (Tex.App.-Fort Worth 1997, no pet.); *Ex parte Zain,* 940 S.W.2d at 253.

Accordingly, the order denying habeas corpus relief is reversed and the indict-

ment returned in cause number B–040344–R is dismissed.