**AFFIRMED and Opinion Filed December 23, 2013.**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-13-00840-CR**

**THE STATE OF TEXAS, Appellant**
**V.**
**CHINEDU GODWIN OJIAKU, Appellee**

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-00108-U**

## OPINION

Before Justices FitzGerald, Francis, and Myers
Opinion by Justice FitzGerald

The State appeals the trial court's order granting Chinedu Godwin Ojiaku's pretrial application for writ of habeas corpus and dismissing the case with prejudice. In two issues, the State contends this Court has jurisdiction to consider the State's appeal and the trial court erred in granting appellee's application because limitations had not run. We affirm the trial court's order.

### BACKGROUND

The facts are undisputed. Appellee was indicted in 2003 for indecency with a child. Appellee was admitted to bail and ordered to appear in the trial court on September 26, 2003. Appellee failed to appear and was not apprehended until November 3, 2012. On February 22, 2013, the State indicted appellee for bail jumping and failure to appear ("bail jumping"

hereinafter). The face of the indictment indicates the offense occurred between September 26, 2003, and November 3, 2012. The indecency offense was dismissed on February 27, 2013.

Appellee filed a pretrial application for writ of habeas corpus contending the applicable three-year statute of limitations had run on the bail jumping case. During the hearing on the writ application, the State contended limitations had not expired because appellee's failure to appear constituted a continuous offense occurring from September 26, 2003, through November 3, 2012, and, thus, the indictment was timely. The trial court granted appellee's writ application and signed an order dismissing the case with prejudice. The trial court subsequently filed findings of fact and conclusions of law. The trial court concluded that the offense of bail jumping is complete when the defendant fails to appear in accordance with the terms of his release, bail jumping is not a continuous offense, and the statute of limitations is three years. The trial court concluded prosecution of the bail jumping case is barred by the statute of limitations because no indictment was filed within three years of when appellee first failed to appear, and thus limitations expired prior to the presentment of the indictment. The trial court entered a final order dismissing the prosecution with prejudice.

## APPLICABLE LAW

We review the trial court's determination on an application for writ of habeas corpus under an abuse of discretion standard. *See Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). In reviewing the trial court's order, we view the facts in the light most favorable to the trial court's ruling. *Kniatt v. State*, 206 S.W.3d 657, 664 (Tex. Crim. App. 2006). We afford almost total deference to the trial court's determination of the historical facts that the record supports. *See Peterson*, 117 S.W.3d at 819. We likewise defer to the trial court's application of the law to the facts, if the resolution of the ultimate question turns on an evaluation

of credibility and demeanor. *See id.* If the resolution of the ultimate question turns on an application of legal standards, we review the determination de novo. *See id.*

"A person lawfully released from custody, with or without bail, on condition that he subsequently appear commits an offense if he intentionally or knowingly fails to appear in accordance with the terms of his release." TEX. PENAL CODE ANN. § 38.10(a) (West 2011). The applicable statute of limitations for bail jumping is three years. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(7) (West Supp. 2013). Statutes of limitations should be "liberally interpreted in favor of repose" as they are intended to:

> limit exposure to criminal prosecution to a certain fixed period of time following the occurrence of those acts the legislature has decided to punish by criminal sanctions. Such a limitation is designed to protect individuals from having to defend themselves against charges when the basic facts may have become obscured by the passage of time and to minimize the danger of official punishment because of acts in the far-distant past. Such a time limit may also have the salutary effect of encouraging law enforcement officials promptly to investigate suspected criminal activity.

*Toussie v. United States*, 397 U.S. 112, 114–15 (1970).

**ANALYSIS**

*Jurisdiction*

The State brings two issues on appeal. In its first issue, the State contends this Court has jurisdiction to consider the State's appeal because the trial court's order dismisses with prejudice the case against appellee. Appellee does not contest the assertion of jurisdiction in this case and we agree we have authority to review the State's appeal. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(1) (West Supp. 2013) (granting the State right to appeal orders resulting in dismissal of prosecution); *State v. Stanley*, 201 S.W.3d 754, 758 (Tex. Crim. App. 2006); *State v. Mason*, 383 S.W.3d 314, 315 (Tex. App.—Dallas 2012, no pet.). We sustain the State's first issue.

*Continuing Offense*

In its second issue, the State contends the trial court erred in granting relief on appellee's writ application and dismissing the prosecution with prejudice because bail jumping constitutes a continuing offense and therefore limitations had not expired. The State contends that appellee, having failed to appear in the trial court as ordered in 2003, continued committing the offense every day he failed to appear in the trial court until he was apprehended.

Generally, an offense is complete when all elements of the offense have occurred. *Barnes v. State*, 824 S.W.2d 560, 562 (Tex. Crim. App. 1991), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998). The legislature may, however, designate certain offenses as continuing in nature. *Id.* In deciding which offenses are continuing in nature, the courts should not find a continuing offense unless "the explicit language of the substantive criminal statute compels such a conclusion or the nature of the crime is such that [the legislature] must assuredly have intended that it be treated as a continuing one." *Id.* (quoting *Toussie*, 397 U.S. at 115).

The gravamen of a continuing offense is the operation of an "unintermittent force" set in motion by a "single impulse" that causes the offense to be a continuous act without regard to the mere passage of time. *See Grissom v. State*, 43 S.W.2d 580, 581 (Tex. Crim. App. 1931). Continuing offenses need not involve an overt act; neglect and a failure to act may constitute a continuing offense. *See Ex parte Logan*, 205 S.W.2d 994, 996 (Tex. Crim. App. 1947). Texas courts have identified a number of offenses that may be continuing offenses under certain circumstances. *See Hobbs v. State*, 175 S.W.3d 777, 781 (Tex. Crim. App. 2005) (evading arrest); *Howlett v. State*, 994 S.W.2d 663, 666–67 (Tex. Crim. App. 1999) (criminal mischief); *Weaver v. State*, 657 S.W.2d 148, 150 (Tex. Crim. App. 1983) (aggravated kidnapping); *Logan*, 205 S.W.2d at 996 (criminal nonsupport); *Grissom*, 43 S.W.2d at 582 (carrying on business

injurious to nearby residents); *Novy v. State*, 138 S.W. 139, 141 (Tex. Crim. App. 1911) (op. on reh'g) (keeping disorderly house).

The State concedes the bail jumping statute does not expressly state the offense should be viewed as continuing in nature. *See* TEX. PENAL CODE ANN. § 38.10(a). The State further concedes that no Texas authority has concluded bail jumping is a continuous offense for purposes of limitations. Nevertheless, the State contends the bail jumping statute's use of the phrases "on condition that he subsequently appear" and "fails to appear in accordance with the terms of his release" indicates a legislative intent to criminalize a defendant's neglect of the duty imposed upon him to appear in accordance with the terms of his release. The State contends bail jumping is set in motion by a "single impulse" of failing to appear as described in *Grissom* and then continues as a neglect of a legal duty which the State describes as a "hallmark" of a continuing offense, citing cases involving failure to support minor children. *See Logan*, 205 S.W.2d at 996; *Ex parte Beeth*, 154 S.W.2d 484, 486 (Tex. Crim. App. 1941).

The State also cites an authority concluding that a defendant has a continuing duty to appear in court after missing a trial date with a reasonable excuse. *See Kambudo v. State*, 148 S.W.3d 547, 549–50 (Tex. App.—Houston [14th Dist.] 2004), *vacated on other grounds*, 171 S.W.3d 888 (Tex. Crim. App. 2005). Finally, the State points to a decision of the Nevada Supreme Court declaring bail jumping to be a continuous offense for limitations purposes. *See Woolsey v. State*, 906 P.2d 723, 726 (Nev. 1995).

Appellee responds that a plain reading of section 38.10 shows the offense of bail jumping is complete when one does not return to court as promised. Appellee points out that one appellate court has held on somewhat similar facts the State must bring an indictment for bail jumping within the three-year limitation period and that limitations is not tolled by the pendency of the offense for which the defendant was required to appear. *See Ex parte Martin*, 159 S.W.3d

262, 265 (Tex. App.—Beaumont 2005, pet. ref'd). Appellee observes that *Woolsey* relies upon an earlier Nevada case that concluded escape is a continuous offense under Nevada law. *See Woolsey*, 906 P.2d at 726 (citing *Campbell v. State*, 710 P.2d 70, 72–73 (Nev. 1985)). Appellee points out that, under Texas law, escape is not treated as a continuous offense and, therefore, *Woolsey* should not be persuasive. *See Lawhorn v. State*, 898 S.W.2d 886, 890 (Tex. Crim. App. 1995) (concluding offense of escape is completed when defendant leaves custody and is not continuous during period when he is fugitive). Finally, appellee contends treating bail jumping as a discrete offense complete upon the initial failure to appear is consistent with the purpose of statutes of limitations and encourages the State to use due diligence in charging an offense. We agree with appellee.

As the State concedes, the legislature chose not to include language in the bail jumping statute that expressly renders it a continuous offense. The bail forfeiture statute, which comes into play after the bail jumping offense occurs, suggests the legislature did not view bail jumping as a continuing offense. *See* TEX. CODE CRIM. PROC. ANN. art. 22.18 (West 2009) (providing action by the State to forfeit bail bond "must be brought not later than the fourth anniversary of the date the principal fails to appear in court").

We are not persuaded that the nature of the offense shows the legislature must assuredly have intended the offense to be continuous as described in *Toussie*. The State seeks to analogize this case to evading arrest or failing to pay child support. In fact, we view it as more similar to an escape. We note that the Nevada Supreme Court in *Woolsey* used the law of escape as the basis for its decision. *See Woolsey*, 906 P.2d at 726. Under Texas law, the offense of escape is considered complete when the offender leaves custody. *See Lawhorn*, 898 S.W.2d at 890; *Fitzgerald v. State*, 782 S.W.2d 876, 881 (Tex. Crim. App. 1990) (escape was complete when

convict left prison and, thus, evidence of extraneous offenses committed twelve hours later is inadmissible to show his intent to escape).

In the evading arrest case the State cites, the offender used his vehicle to elude pursuing police by driving into a dark field. *See Hobbs*, 175 S.W.3d at 778. Officers set up a perimeter and searched for the defendant but called off their search when it became too dark to continue. *Id*. The officers resumed their search in the morning and found the defendant hiding in a woodshed attached to a house. *Id*. The defendant was charged with both evading arrest and burglary of a habitation with the intent to commit the felony of evading arrest. *Id*. On appeal, the defendant challenged the sufficiency of the evidence on the burglary charge, contending that his evading arrest offense was complete when he abandoned his car in the field and fled on foot. *Id*. The defendant argued that to treat evading arrest as a continuing offense could lead to the "absurd" result of having someone evade arrest on foot and then be charged with evading arrest using a vehicle if he or she was apprehended by police in a traffic stop "hours, days, weeks, months, or even years later." *Id*. at 780. The court noted the police pursuit was suspended temporarily on account of darkness and resumed as soon as officers could resume the search. *Id*. The court expressly distinguished the case before it from the hypothetical situation described by the defendant where a "successful evader" could be charged with a criminal trespass for something he did "days, weeks, months or years later." *Id*. Thus, even though the court in *Hobbs* concluded the defendant was committing a continuing offense, it did so because of the unique facts in the case. It did not pronounce evading arrest as always constituting a continuing offense, and it distinguished the defendant's continuing offense from a hypothetical situation where an offender could be viewed as continuously evading arrest for years.

Likewise, we are not persuaded by the other types of continuing offenses the State has provided. Failure to support one's children involves a continuing duty and breach of that duty.

*See, e.g.*, *Matlock v. State*, 392 S.W.3d 662, 665 (Tex. Crim. App. 2013) (discussing defendant's conviction on sixteen counts of nonsupport each arising on first of each month support was not paid). Keeping a disorderly house was established as a continuous offense under the statute in place at the time of the case the State relies upon. *See Novy*, 138 S.W. at 140 (noting penal code of 1907 provided punishment for each day an individual continued to keep disorderly house).

In the State's other cases, an element of the offense is actively ongoing under the facts of the cases where a continuing offense is found. In *Howlett v. State*, the defendant was charged with criminal mischief arising from his tampering with a gas line to divert gas to his home before it could be metered. *See Howlett*, 994 S.W.2d at 664. At trial, the defendant argued the offense was complete when he tampered with the line, a time more than three years before he was charged with the offense. *Id.* at 665. The court of criminal appeals held that the offense was ongoing for as long as the gas was being diverted and the gas company was suffering pecuniary loss. *Id.* at 667. In the aggravated kidnapping case the State cites, the defendant contended he had no intent to sexually assault the complainant at the time he pulled a knife and abducted her. *Weaver*, 657 S.W.2d at 150. The court held aggravated kidnapping is a continuous offense that ends when the ongoing abduction and restraint ceases. *Id.* In both types of cases, the defendant was engaged in ongoing criminal activity.

Between the cases the parties cite that involve bail jumping, *Martin* is more persuasive than *Kambudo*. In *Kambudo*, the defendant was hospitalized and, thus, unable to appear in court on the scheduled date to contest a drug charge. *See Kambudo*, 148 S.W.3d at 549. The defendant was charged with bail jumping upon his arrest several months later. *Id.* The court of appeals concluded the fact the defendant had a reasonable excuse for not appearing on the scheduled date was not a defense to the bail jumping charge because he had a continuing

obligation to report even after his bond was forfeited. *See id*. at 550. Limitations was never at issue in *Kambudo*; rather, the issue was whether the defendant had committed the offense.

In *Martin*, the defendant was charged with bail jumping a little more than three years after he failed to appear for the trial of an aggravated robbery charge. *See Martin*, 159 S.W.3d at 263. The defendant filed a pretrial application for writ of habeas corpus alleging limitations. *Id*. The State argued limitations was tolled during the pendency of the robbery case. The court rejected the State's position, reasoning that to allow the State to toll the running of limitations by filing a charge on a different offense would obviate the purpose of a statute of limitations. *Id*. at 264–65. Although the facts are similar to the present case, the State did not contend in *Martin* that bail jumping constitutes a continuing offense.

The State concedes section 38.10 does not expressly designate bail jumping as a continuing offense and no Texas judicial precedent directly supports its contention. The State's suggested persuasive authorities are not sufficient to persuade us that the nature of the crime is such that the legislature must have intended to treat bail jumping as a continuing offense. Thus, we conclude bail jumping does not fall within the limited group of continuing offenses. *See Toussie*, 397 U.S. at 115.

*Effect of the Pending Indecency Indictment*

The State further contends the limitations period remained active because the indecency proceeding was still pending at the time the State indicted appellee for failing to appear. The fact that the underlying indecency charge was still pending does not affect limitations in the bail jumping case. *See Hernandez v. State*, 127 S.W.3d 768, 774 (Tex. Crim. App. 2004) (indictment in one case does not toll limitations for another case unless cases involve same conduct, act, or transaction); *Martin*, 159 S.W.3d at 265 (indictment for aggravated robbery did not toll limitations on bail jumping case arising from failure to appear in robbery case).

Appellee was ordered to appear in court on a particular date: September 26, 2003. He failed to appear and his bond was forfeited. At that point, all of the elements of bail jumping and failure to appear had occurred and the offense was complete. *See* TEX. PENAL CODE ANN. § 38.10(a); *Yuncevich v. State*, 626 S.W.2d 784, 785 (Tex. Crim. App. [Panel Op.] 1982) (listing elements of bail jumping). On that date, or any time within the following three years, the State was free to indict appellee for the offense. *See* TEX. CODE CRIM. PROC. ANN. art. 12.01(7); *Martin*, 159 S.W.3d at 265. For reasons not appearing in the record, it chose not to charge appellee. We conclude the trial court did not abuse its discretion in concluding the State's indictment of appellee for bail jumping was filed after the limitations period had expired. *See Martin*, 159 S.W.3d at 265.

*The Trial Court's Authority To Issue Its Order*

Finally, the State contends the trial court's order dismissing the case with prejudice was void as exceeding the trial court's authority. The indictment in this case charges appellee failed to appear "[o]n or about and between the 26th day of September A.D., 2003 and the 3rd day of November A.D., 2012 . . . ." The State contends that if bail jumping constitutes a continuing offense, then the indictment on its face does not show limitations had expired, appellee's complaint was not a proper subject for a pretrial writ application, and the trial court's order dismissing the case with prejudice was either reversible error or void. Appellee does not address the State's contention.

Trial courts may act only if the action contemplated is authorized by the constitution, a statute, the common law, or as an exercise of the trial court's inherent or implied powers. *See Ex parte Seidel*, 39 S.W.3d 221, 223 (Tex. Crim. App. 2001). Generally, a trial court may dismiss a case with prejudice only with the State's consent. *See State v. Plambeck*, 182 S.W.3d 365, 369 (Tex. Crim. App. 2005). As an exception to the general rule, the trial court may grant a pretrial

–10–

writ of habeas corpus and dismiss a case with prejudice if the indictment shows on its face that the prosecution is barred by limitations. *See Ex parte Smith*, 178 S.W.3d 797, 802 (Tex. Crim. App. 2005).

Based on the law and the face of the indictment, the trial court decided correctly that bail jumping is not a continuous offense and the State's prosecution is barred by limitations. Accordingly, under these circumstances, we conclude the trial court did not err in dismissing the case with prejudice. *See id.*; *Ex parte Zain*, 940 S.W.2d 253, 254 (Tex. App.—San Antonio 1997, no pet.) (indictment filed after limitations period had expired dismissed with prejudice). We overrule the State's second issue.

We affirm the trial court's order granting relief on appellee's application for writ of habeas corpus and dismissing the case with prejudice.

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE

Publish
TEX. R. APP. P. 47
130840F.P05

–11–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-13-00840-CR          V.

CHINEDU GODWIN OJIAKU, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F13-00108.
Opinion delivered by Justice FitzGerald.
Justices Francis and Myers participating.

Based on the Court's opinion of this date, the order of the trial court granting relief on appellee's application for writ of habeas corpus and dismissing the case with prejudice is **AFFIRMED**.

Judgment entered December 23, 2013

/Kerry P. FitzGerald/
KERRY P. FITZGERALD
JUSTICE