# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-23-00357-CR

**Shelby Paul Sutton, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE 207TH DISTRICT COURT OF COMAL COUNTY
### NO. CR2020-136, THE HONORABLE STEPHANIE BASCON, JUDGE PRESIDING

## O P I N I O N

Shelby Paul Sutton was charged with driving while intoxicated ("DWI") with two or more prior convictions for the same offense. *See* Tex. Penal Code §§ 49.04, .09. The indictment also contained three enhancement paragraphs alleging that Sutton had a prior conviction for robbery and two additional prior convictions for felony DWI. The jury found Sutton guilty of the charged offense, found the three enhancement allegations true, and sentenced him to fifty years' imprisonment. The trial court rendered its judgment of conviction consistent with the jury's verdicts. *See id.* § 12.42. On appeal, Sutton challenges the sufficiency of the evidence pertaining to the enhancement allegations, claiming the State did not prove sequential prior convictions. We will affirm the trial court's judgment of conviction.

## BACKGROUND

In September 2019, Sutton drove his car into another car on his way home. Sutton left the scene and drove to his apartment complex where he hit another one of his vehicles and one of the buildings in the complex while trying to park. After the police arrived, they found Sutton and other people in the parking lot. The officers detected a strong smell of alcohol from Sutton and observed that he appeared unsteady, had bloodshot eyes, and had slurred speech. Sutton admitted to drinking that day. One officer asked Sutton if he would consent to performing field sobriety tests, but Sutton refused. Sutton also refused to provide a sample of his breath for alcohol testing. The officer then read Sutton his *Miranda* warnings, placed him under arrest, and transported him to jail. After dropping Sutton off, the officer applied for and obtained a search warrant for Sutton's blood and then drove Sutton to a nearby hospital for a blood draw. Testing on a sample of Sutton's blood revealed that he had a blood-alcohol level of more than .200.

Following his arrest, Sutton was charged with DWI with two prior convictions for DWI, and the indictment alleged that the offense occurred on September 8, 2019. Regarding the two prior convictions, the indictment alleged that Sutton was previously convicted of DWI in 1989 and in 1996. The indictment also included three enhancement paragraphs alleging that Sutton had previously been convicted of the following three felony offenses:

> THE GRAND JURORS aforesaid do further present in and to said Court at said term that, prior to the commission of the offense alleged above, on or about the 8th day of January, 2007, in No. 2006-642-C in the 54th District Court of McLennan County, Texas, styled The State of Texas v. SHELBY PAUL SUTTON, **SHELBY PAUL SUTTON**, defendant herein, was finally convicted of the felony offense of ROBBERY, alleged to have been committed on or about the 9th day of November, 2005, upon an indictment then pending in said Court.
>
> . . .

2

THE GRAND JURORS aforesaid do further present in and to said Court at said term that, prior to the commission of the offense alleged in Enhancement Paragraph I above, on or about the 29th day of January, 2003, in No. 02-1001-CR in the 25th Judicial District Court of Guadalupe County, Texas, styled The State of Texas v. SHELBY PAUL SUTTON, **SHELBY PAUL SUTTON**, defendant herein, was finally convicted of the felony offense of DRIVING WHILE INTOXICATED, alleged to have been committed on or about the 24th day of April, 2002, upon an indictment then pending in said Court.

. . .

THE GRAND JURORS aforesaid do further present in and to said Court at said term that, prior to the commission of the offense alleged in Enhancement Paragraph I above, on or about the 26th day of September, 2002, in No. 2002-586-C in the 54th District Court of McLennan County, Texas, styled The State of Texas v. SHELBY PAUL SUTTON, **SHELBY PAUL SUTTON**, defendant herein, was finally convicted of the felony offense of DRIVING WHILE INTOXICATED, alleged to have been committed on or about the 18th day of March, 2002, upon an indictment then pending in said Court.

By their terms, the enhancement paragraphs assert that the alleged robbery conviction occurred after both alleged felony DWI convictions, and the jury charge in this case contained similar instructions. Before trial, Sutton entered into an agreement with the State regarding the two DWI convictions from 1989 and 1996 in which he agreed to stipulate to the following:

That prior to the commission of the offense of Driving While Intoxicated on or about September 8, 2019, if any, Shelby Paul Sutton, the Defendant in the above entitled and numbered cause, was duly and legally convicted two or more times of offenses relating to the operating of a motor vehicle while intoxicated:

(1) In Cause Number MA9525466J, in the County Criminal Court #8 of Dallas County, Texas, on or about the 1st day of March, 1996; and

(2) In No. 313-570, in the County Court at Law No. 2, Travis County, Texas, on or about the 21st day of February, 1989.

3

During the trial, the following witnesses were called: police officers involved in the investigation, residents who lived at the apartment complex at the time of the alleged offense, the nurse who performed the blood draw, and the individual who performed the blood-alcohol testing on the sample of Sutton's blood. Additionally, the trial court admitted into evidence footage from the dashboard cameras and body cameras of the responding officers and photos of the apartment complex and the damage done to the vehicles and the apartment building. Additionally, the trial court admitted as an exhibit the agreed stipulation set out above.

After considering the evidence, the jury found Sutton guilty of the charged felony offense of DWI with two or more prior convictions for DWI.

During the punishment phase, Sutton pleaded not true to the three enhancement paragraphs. Next, three sets of exhibits pertaining to three prior convictions for someone with Sutton's same first and last names were admitted into evidence. The first set was for a prior conviction for robbery from 2007 and listed the same cause number, trial court, county of conviction, and date of offense set out in the first enhancement paragraph. The set includes photographs of the person convicted and copies of the person's fingerprints, and the birth date listed was the same as Sutton's as reflected in the indictment in this case.

The second set of exhibits was for a conviction for felony DWI from 2003 and listed the same cause number, trial court, county of conviction, and date of offense set out in the second enhancement paragraph. The indictment for that case identified the two prior DWI convictions listed in the agreed stipulation, including the dates of conviction, trial courts, cause numbers, and counties. This set also included photos of the person convicted and a copy of his fingerprints and listed a birth date that was the same as Sutton's.

4

The third set pertained to a prior conviction for felony DWI from 2002 and set out the same cause number, trial court, county of conviction, and date of offense listed in the third enhancement paragraph. The indictment for that case identified the two prior DWI convictions listed in the agreed stipulation and in the second set of exhibits, including the dates of conviction, trial courts, cause numbers, and counties. The set included a thumbprint from the person convicted.

A latent-print examiner testified that he took fingerprints from Sutton and compared the known fingerprints with the fingerprints in some of the documents listed above. In particular, the examiner stated that the fingerprints in the first and second sets of exhibits matched Sutton's known fingerprints taken in this case.

Following the examiner's testimony, witnesses were called to testify about a car accident that Sutton caused after being charged in this case when he walked into traffic while intoxicated. Next, Sutton elected to testify and explained that someone else was driving his car in the incident that led to his 2002 DWI conviction, that he was not intoxicated during the incident that led to his 2003 DWI conviction, and that he did not commit a robbery leading to his conviction in 2007. Regarding the offense at issue in this case, Sutton acknowledged that he drank beer that day but believed that he was sober when he drove and believed the collision was the other driver's fault. Additionally, although Sutton admitted that he was found guilty of public intoxication for the incident occurring after he was charged in this case, he asserted that he was not intoxicated during that incident either.

After considering the evidence, the jury found the enhancement allegations to be true and sentenced Sutton to fifty years' imprisonment.

## LEGAL FRAMEWORK

This case involves two different types of enhancements with the first type enhancing the offense level and the second enhancing the punishment level. Under the Penal Code, the offense level for DWI is elevated to a third-degree felony "if it is shown on the trial of the offense that the person has previously been convicted . . . two times of any other offense relating to the operating of a motor vehicle while intoxicated . . . ." Tex. Penal Code § 49.09(b); *see id.* § 49.04 (setting out elements for misdemeanor DWI offense). A conviction used to raise the offense level to a felony "is an element of the felony" DWI. *Carroll v. State*, 51 S.W.3d 797, 799 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd). In other words, "[e]levating a DWI from a misdemeanor to a felony offense by using a previous DWI conviction . . . creates a new offense and vests the district court with jurisdiction." *Id.*; *see Holoman v. State*, 620 S.W.3d 141, 146 (Tex. Crim. App. 2021) (explaining that "a jurisdictional aggravating fact" is "considered elemental").

In contrast, the habitual-offender-enhancement provision at issue in this case elevates the punishment range for individuals convicted of prior sequential felony offenses and provides as follows:

> [I]f it is shown on the trial of a felony offense . . . that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

Tex. Penal Code § 12.42(d). The Penal Code recognizes the difference between a jurisdictional enhancement under section 49.09 and a punishment enhancement for repeat felony offenders under section 12.42 and specifies that "[a] conviction may be used for purposes of enhancement under" the DWI statutes "or enhancement under" section 12.42 "but not under both." *Id.* § 49.09(g).

6

**DISCUSSION**

In challenging the sufficiency of the evidence, Sutton does not dispute that exhibits were admitted into evidence establishing convictions for two DWI cases in 2002 and 2003 and one robbery case in 2007 and does not dispute that evidence was presented at trial linking him to those convictions. Instead, he asserts that the three felony convictions used for punishment enhancements in this case did not comply with the requirements of section 12.42 because they were legally incapable of being prior and sequential to each other or to the offense charged in this case. Essentially, Sutton asserts that the charged felony DWI in this case and the two punishment enhancements all began on the same day that the DWI offense serving as the basis for the 1989 conviction occurred and are part of the same criminal episode. Therefore, Sutton requests that this Court reverse his conviction and remand the case for further proceedings.

"In some cases, . . . a sufficiency-of-the-evidence issue turns on the meaning of the statute under which the defendant has been prosecuted," and "[t]hat question, like all statutory construction questions, is a question of law, which we review *de novo*." *Liverman v. State*, 470 S.W.3d 831, 836 (Tex. Crim. App. 2015). "The overarching rule of statutory construction is that we construe a statute in accordance with the plain meaning of its text unless the text is ambiguous or the plain meaning leads to absurd results that the legislature could not possibly have intended." *Ex parte Vela*, 460 S.W.3d 610, 612 (Tex. Crim. App. 2015). "In ascertaining the plain meaning of a word, we read words and phrases in context and construe them according to the rules of grammar and usage." *Lopez v. State*, 253 S.W.3d 680, 685 (Tex. Crim. App. 2008); *see* Tex. Gov't Code § 311.011 (addressing common and technical usage of words in construing statutes). Appellate courts also interpret statutes "together and harmonized, if possible," to give effect to all of the statutory provisions. *See Ex parte Gill*, 413 S.W.3d 425, 430 (Tex. Crim. App. 2013).

Appellate courts "presume that every word has been used for a purpose and that each word, phrase, clause, and sentence should be given effect if reasonably possible." *O'Brien v. State*, 544 S.W.3d 376, 384 (Tex. Crim. App. 2018). "If the plain language is clear and unambiguous," the "analysis ends because 'the Legislature must be understood to mean what it has expressed, and it is not for the courts to add or subtract from such a statute.'" *Id.* (quoting *Tha Dang Nguyen v. State*, 359 S.W.3d 636, 642 (Tex. Crim. App. 2012)).

On appeal, Sutton presents what we construe as two sets of arguments asserting that the punishment enhancers were not sequential and prior to each other or the offense charged in this case and, therefore, could not serve as enhancers under section 12.42. Each set of arguments rests on Sutton's premise that section 12.42 could not be utilized in this case to enhance his punishment because the two prior DWI convictions share with each other and with the charged offense a common commission date from the 1980s related to a DWI offense for which he was convicted in February 1989.[1] According to Sutton, the common commission date means that the two felony DWI offenses used as enhancements could not be prior to the charged DWI offense or sequential with each other or the charged offense. Similarly, Sutton contends that the common start date for the DWI offenses means that the charged DWI offense started in the 1980s and well before the robbery offense leading to a conviction in 2007 that was used as the final punishment enhancement. Accordingly, Sutton urges that the robbery offense could not have qualified as an enhancer under section 12.42 either.

---

[1] Sutton postulates that the applicable starting point might be his date of conviction for the first DWI conviction in February 1989 rather than the date of the offense. Our resolution of this appeal is the same regardless of whether the conviction date or the day the prior offense occurred serves as the basis for Sutton's arguments. Because Sutton primarily relies on the day the offense occurred, we will refer to that date in the opinion for ease of reading.

In his first set of arguments claiming a common origination, Sutton refers to the definition of "criminal episode," which the Penal Code defines as follows:

> In this chapter, "criminal episode" means the commission of two or more offenses, regardless of whether the harm is directed toward or inflicted upon more than one person or item of property, under the following circumstances:
>
> (1) the offenses are committed pursuant to the same transaction or pursuant to two or more transactions that are connected or constitute a common scheme or plan; or
>
> (2) the offenses are the repeated commission of the same or similar offenses.

Tex. Penal Code § 3.01. Utilizing this definition, Sutton contends that the Texas Supreme Court has determined both that felony DWI is a criminal episode as defined above "and that the commencement of a felony DWI criminal episode begins . . . at commission of the earliest DWI offense in the criminal episode." Next, Sutton highlights that the prior felony DWI convictions used as punishment enhancers and the felony DWI serving as the basis for a conviction in this case were all enhanced to felony offenses based on prior DWI convictions from 1996 and 1989. Accordingly, Sutton argues that because the existence of prior DWI convictions is an element of a felony DWI case, *see id.* § 49.09(b), the date on which the oldest DWI occurred was the start date of the criminal episode. In other words, Sutton asserts that the charged felony DWI and the two punishment enhancements all began on the same day that the DWI offense serving as the basis for the 1989 conviction occurred. Given this same alleged initiation date, Sutton contends that he could not be sentenced as a habitual offender under section 12.42(d) because the two DWI enhancement allegations could not be prior and "sequential to the conviction that is the basis of this appeal" and also asserts, as set out above, that the 2007 robbery conviction could not be prior to the charged offense due to its alleged origination date in the 1980s.

9

As an initial matter, we disagree with Sutton's reading of the Texas Supreme Court's decision serving as the foundation for this set of arguments. In *Ex parte K.T.*, individuals who had been acquitted of DWI but had prior DWI convictions from three years before the arrest that led to the acquittal sought to have the records pertaining to the acquitted offense expunged. *See* 645 S.W.3d 198, 201 (Tex. 2022). The portion of the expunction statute at issue in that case allowed for an expunction unless "the offense for which the person was acquitted arose out of a criminal episode," *see* Tex. Code Crim. Proc. art. 55.01(c), which as set out above is defined in part as "the commission of two or more offenses" if "the offenses are the repeated commission of the same or similar offenses," Tex. Penal Code § 3.01. In reaching its conclusion that the individuals were entitled to an expunction, the Court concluded that "an acquittal cannot qualify as the 'commission' of an offense" as required to be part of a criminal episode and for the exception to expunction to apply, but the Court expressly stated that it was "reserve[ing] for a future case" the issue of whether "two arrests for DWI are necessarily part of the same criminal episode even when the underlying events have no other relation to each other." *Ex parte K.T.*, 645 S.W.3d at 201.

In light of the preceding, we disagree with Sutton's suggestion that the Texas Supreme Court has determined that felony DWI constitutes a criminal episode due to the required prior DWI convictions and that the commencement of a felony DWI criminal episode begins at the time of the commission of the earliest DWI offense used to jurisdictionally enhance the charged offense to a felony. Moreover, the issue in *Ex parte K.T.* was whether the individuals were entitled to an expunction under the expunction statute following an acquittal and not, as in this case, whether prior felony convictions can serve as a basis for a punishment enhancement under section 12.42. *See* Tex. Penal Code § 12.42(d).

10

Further, "[a]lthough the expunction statute is located in the Texas Code of Criminal Procedure, an expunction proceeding is civil rather than criminal in nature." *Texas Dep't of Pub. Safety v. J.H.J.*, 274 S.W.3d 803, 806 (Tex. App.—Houston [14th Dist.] 2008, no pet.). Accordingly, even if the Supreme Court's opinion might suggest that DWIs could form a criminal episode in the context of expunction, that suggestion would not apply in the punishment-enhancement context. *See Scott v. State*, 419 S.W.3d 698, 700 (Tex. App.—Texarkana 2013, no pet.) ("Rulings in civil cases do not provide precedent that we are obligated to follow in criminal cases").[2]

Additionally, both the repeat-offender statute and the felony-DWI statute authorize enhancements for prior convictions with no exception for offenses that might be considered to be part of a criminal episode under section 3.01. *See* Tex. Penal Code §§ 3.01, 12.42, 49.09. Further, although the felony-DWI statute does require proof of prior DWI convictions, nothing in the language of that statute suggests that this requirement means that the commission date for the earliest potential jurisdictional enhancer becomes the commission date of the charged offense. *See id.* § 49.09(b). Instead, the felony-DWI statute discusses the offense level for "an offense under [s]ection 49.04," *id.* § 49.09(a), which specifies that an offense occurs when "the person is

---

[2] In his brief, Sutton also refers to an opinion by one of our sister courts of appeals that determined, also in the expunction context, that an individual was not entitled to an expunction following an acquittal for felony DWI because he had three prior DWI convictions. *Ex parte J.P.*, No. 04-20-00100-CV, 2022 WL 2230934, at *1, *6 (Tex. App.—San Antonio June 22, 2022, no pet.) (op.). In reaching its decision, our sister court reasoned that the criminal-episode exception to expunction of arrest records applied because the individual's "three DWI convictions were for commissions of the same or similar repeated offenses and together constituted a criminal episode." *Id.* at *3. However, as set out above, it is not clear how this conclusion regarding the expunction statute would control the interpretation of section 12.42. In any event, cases from our sister courts of appeals are not binding precedent. *See Ex parte McDonald*, 606 S.W.3d 856, 863 (Tex. App.—Austin 2020, pet. ref'd).

11

intoxicated while operating a motor vehicle in a public place," *id.* § 49.04(a). Under their plain language, the applicable statutes are not amenable to the construction offered by Sutton. *See Ex parte Vela*, 460 S.W.3d at 612. As our sister court has explained, "[a] misdemeanor DWI conviction is a separate and distinct conviction from a felony DWI conviction, even if that felony DWI conviction included the separate misdemeanor conviction as a jurisdictional element." *Ex parte Serrato*, 374 S.W.3d 636, 638-39 (Tex. App.—Fort Worth 2012, pet. ref'd).

Furthermore, Sutton's construction is inconsistent with the analysis from opinions by our sister courts of appeals addressing the use of enhancements under sections 12.42 and 49.09 in DWI cases. In interpreting the interplay between those statutes, courts have concluded that the language of the statutes means that the State may "not use . . . two misdemeanor DWI convictions for both jurisdictional and punishment enhancements," *id.* at 639, but have determined that the State may properly use prior misdemeanor DWI convictions as jurisdictional enhancements to elevate charges to felony DWI and also use prior felony DWI convictions for punishment enhancement purposes even though the punishment enhancers were themselves previously jurisdictionally enhanced based on the prior misdemeanor DWI convictions, *id.*; *Carroll*, 51 S.W.3d at 800-01. Although those cases spoke in terms of whether the convictions violated section 49.09, the analysis from those cases would seem to similarly instruct that the conviction at issue here did not violate section 12.42.

Additionally, Sutton's construction would lead to unreasonable results in cases beyond those just involving enhancements under sections 12.42 and 49.09 for prior DWI convictions. Even in a case in which a DWI offense was jurisdictionally enhanced to a felony due to prior DWI convictions and in which the State included punishment enhancements based on prior felony convictions for offenses other than felony DWI (e.g., murder, sexual assault, or any

12

felony other than felony DWI), those prior felony convictions could not be used to enhance the punishment range if the punishment enhancers occurred after the earliest DWI used as a jurisdictional enhancer. Consistent with that construction, Sutton suggests "no felony conviction that was committed after" the first DWI in the 1980s could have served as a punishment enhancer in this case.

We can see nothing in the language of sections 12.42 and 49.09 that suggests the legislature intended to carve out an exception for individuals who commit felony DWI that would save them from the effects of repeated felony convictions; on the contrary, the language of the two statutes seems aimed at curbing a significant societal issue by enhancing the offense level in DWI cases for individuals who continue to commit the offense after being convicted of it, *see* Tex. Penal Code § 49.09; *Johnson v. State*, 147 S.W.2d 811, 814 (Tex. Crim. App. 1941) (noting that "object and purpose" of DWI laws "is to prevent men, women, and children from being wounded and maimed by persons driving automobiles while in a state of intoxication"), and to punish more harshly individuals who repeatedly commit felony offenses, *see* Tex. Penal Code § 12.42; *Jordan v. State*, 256 S.W.3d 286, 293 (Tex. Crim. App. 2008) (explaining that "the legislative purpose behind the habitual felony-enhancement statute is to punish more harshly persons who repeatedly commit crimes").

In his second set of related arguments urging a common origination, Sutton contends that in Texas the general rule has been that a crime is not complete until every one of its elements have been completed with the exception of continuing offenses, which he asserts are deemed to be committed everyday until the actor stops the unlawful behavior. *See Toussie v. United States*, 397 U.S. 112, 115 (1970) (discussing doctrine of continuing offenses); *Barnes v. State*, 824 S.W.2d 560, 562 (Tex. Crim. App. 1991) (same), *overruled on other grounds by Proctor*

13

*v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998). Sutton argues that an offense can constitute a continuing one only if the law prohibiting the conduct characterizes the offense as a continuing one. *See Toussie*, 397 U.S. at 115 (reasoning that offense should only be considered continuing one if "the explicit language of the substantive criminal statute compels such a conclusion, or the nature of the crime involved is such that Congress must assuredly have intended that it be treated as a continuing one"). Further, Sutton asserts that the felony DWI statute does not treat that offense as a continuing one, meaning that the offense of felony DWI is complete when each element of the offense has occurred. Building on the preceding, Sutton also insists that a DWI begins when one of the elements of the offense occurs "and is ongoing until the final element is committed." In light of the preceding, Sutton repeats his assertion that none of the alleged felony convictions could serve as permissible enhancements because the commission date of the two felony DWI enhancers is the same as the commission date for the charged offense.[3]

---

[3] When suggesting that felony DWI begins when the first enhancement conviction occurred, Sutton refers to the statute addressing aggregated theft, which specifies that "[w]hen amounts are obtained in violation of" the theft statutes "pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense." Tex. Penal Code § 31.09; *see also Anderson v. State*, 322 S.W.3d 401, 407-08 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (explaining that "[e]ach individual theft and its elements become an element of the aggregate theft offense"). Although the statute governing penalties for repeat felony offenders increases the punishment level if the individual has prior convictions, it is not a similar aggregating statute that would somehow allow the multiple acts to be considered "one offense" but allow for an increase in punishment based on the amount acquired; instead, it allows prior completed convictions to serve as enhancements for a separate offense. Tex. Penal Code § 12.42. Sutton also refers to case law standing for the proposition that although a plea of true normally "forfeits the defendant's right to appeal the insufficiency of evidence to prove the prior conviction," that general rule has an exception when the record reflects that the "enhancement is itself improper" that allows courts to consider sufficiency challenges in the interests of justice. *See Ex parte Rich*, 194 S.W.3d 508, 513-14 (Tex. Crim. App. 2006). However, it is not clear what applicability those cases have here because Sutton pleaded "not true" to the enhancement allegations.

14

However, as set out above, the plain language of the governing statutes does not support the common origination construction. Moreover, even assuming that Sutton is correct that the legislature did not intend for DWI to be a continuing offense in this type of case, *see State v. Ojiaku*, 424 S.W.3d 633, 636, 639 (Tex. App.—Dallas 2013, pet. ref'd) (noting that number of continuing offenses is "limited group"), we fail to see how this classification somehow compels a conclusion that the DWI offenses used as jurisdictional enhancers, the DWI offenses used as punishment enhancers, and the DWI forming the basis of this appeal all share a common start date and overlap in commission. The case law on which Sutton relies deals with statutes of limitations and whether they can be extended past when the criminal conduct occurred due to the nature of the offense as being a continuing one. *See Toussie*, 397 U.S. at 115; *Barnes*, 824 S.W.2d at 562. Nothing in the analysis from those cases compels the common origination result that Sutton suggests.

For these reasons, we cannot agree with Sutton's assertion that the repeat-offender statute prohibited the use of the three convictions used as punishment enhancements in this case. *See Ex parte Serrato*, 374 S.W.3d at 638-39. Therefore, we reject his sufficiency challenge and overrule his issue on appeal.

**CONCLUSION**

Having overruled Sutton's issue on appeal, we affirm the trial court's judgment of conviction.

_____

Thomas J. Baker, Justice

Before Chief Justice Byrne, Justices Baker and Theofanis

Affirmed

Filed:   November 8, 2024

Publish